CASE 66—ACTION BY W. J. LOUGHRIDGE, &C., AGAINST MOSES BURKHART TO RECOVER LAND.—OCT. 29.

# Burkhart v. Loughridge, &c.

### APPEAL FROM HARLAN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. REVERSED.

EJECTMENT—TITLE BOND—RECORDING—NOTICE—FILING PAPERS— TRIAL.

Held: 1. A defendant in ejectment, relying on an equitable title through a title bond, can not be required to file his bond before the trial, Civil Code, section 128, provided that a writing other than an evidence of indebtedness on which a party intends to rely as evidence may be filed with the pleadings, or, by leave of court, at any time pending the action.

2. Though a title bond is recorded, the party relying on it to establish title must prove its execution affirmatively.

3. If a party in ejectment relying on a title bond to the premises does not file the bond before trial, as he may do under Civil Code, section 128, the trial court can allow the adverse party reasonable time after the bond is filed to prepare a defense.

4. A defendant in ejectment who relies on a recorded title bond which he claims is lost, but which he alleges plaintiffs had notice of, is entitled to have the issue as to notice tried, even though he does not produce the bond on the court's order to do so.

H. C. CLAY, ATTORNEY FOR APPELLANT.

This suit was instituted by appellees against appellant and his tenant to recover possession of 100 acres of land. Appellant in his answer denies title in appellees and alleges that he is the owner of the whole 100 acres by purchase from Isaac Ingle, who purchased same from Wm. Turner, Sr., and took from him a title bond July 5, 1874, which bond Ingle assigned to appellant November 22, 1900, but same has been lost or misplaced and could not be produced, and by reason of that fact appellant was not permitted to make any defense to the action and judgment was rendered for plaintiffs on their motion without any evidence of title in them, and of this ruling of the court appellant complains and is asking a reversal.

The rule is well settled and needs no authority that in eject-

Burkhart v. Loughridge, &c.

ment suits the plaintiff must recover on the strength of his own title and not on the weakness of the defendant's title.

Although the defendant denied the plaintiff's title to the land, and claimed to be the owner himself,. under title bond, the plaintiff without attempting to show title in himself, asked for and obtained a rule against the defendant to produce his title bond which he alleged had been lost, and because he could not produce it, the plaintiff, without any show of title in himself, and in the face of defendant's denial of title in plaintiff, the court adjudged the land to the plaintiff. This was manifest error which should be reversed.

## AUTHORITIES CITED.

Preston v. Roberts, &c., 12 Bush, 578; Am. & Eng. Ency. Pl. & Pr., vol. 8, 739; Green v. Wilson, 8 R., 601; Davis v. Justice, 8 R., 258; Ratcliff v. Elam, 14 R., 772.

.H. E. ROSS, ATTORNEY FOR APPELLEES.

W. J. Loughridge and others, in the year 188—, purchased at decretal sale at the Harlan courthouse 6,500 acres of land sold at the suit of the heirs of William Turner, Sr., who died in 1880, for which a deed was made to the purchaser for said heirs. The purchasers took possession under said deed and has held the same ever- since until about a year before the bringing of this suit, when appellant entered the premises, claiming the tract in controversy by reason of a title bond said to have been executed by Wm. Turner, Sr., to Isaac Ingle, July 5, 1874, and transferred to appellant November 22, 1900, and recorded in the county clerk's office of Harlan county January 9, 1901. The answer sets up the title bond and alleges it has been lost. Upon filing the answer, plaintiffs asked for a rule against the defendant to produce the bond, to which response was made that it had been lost or misplaced and could not be found after search, and sets out that he had caused it to be recorded in the clerk's office aforesaid. The response was denied and plaintiff alleged that the bond was a forgery which was denied. Proof was heard upon this issue as to the bond, and upon the conclusion of the testimony on motion of appellee, the court struck the pleading from the file and directed a judgment to be entered for the appellee.

, We contend the judgment of the court was proper in striking the answer from the file. The defense is so frivolous and such an apparent scheme to defraud appellees of their land that the court should not lend its assistance to appellant in attempting to further its schemes by reversal of this action.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

In this ejectment suit brought by appellees against appellant, the latter set up claim of an equitable title to 100 acres of land by reason of a title bond alleged to have been executed by appellees' grantor, Wm. Turner, Sr., in 1874. Appellant claimed in his answer that the title bond had been executed by Turner July 5, 1874, to one Ingle, and assigned by the latter to appellant in 1900; that owing to the loss of the title bond it could not be filed. Appellees claim by derivation from Turner's heirs. Appellant also averred that appellees had notice and knowledge of Ingle's claim when they bought from Turner's heirs. Appellant was ruled by the court to file his title bond with his answer. He responded that he could not because it was lost or misplaced, and after diligent search he was unable to find it, and did not know where it was. Appellees controverted the response, and pleaded that the alleged bond was a forgery, and was a part of a fraudulent scheme of appellant's and Ingle's to steal the timber from the land. The circuit court heard proof at the bar concerning the alleged loss of the bond. Appellant testified that he had lost it since he had had it recorded in the county clerk's office. His statements do not entirely satisfy the mind, and in some features tend to discredit his good faith in the matter. The circuit court made the rule absolute, and appellant failing to file the bond, his answer was stricken from the files, and judgment entered against him on the merits of the case. We are of opinion that the court erred in these rulings.

In the first place, appellant was not compelled to file the alleged bond before the trial of the action, or at least before some evidence was introduced by him bearing on its genuineness. This bond or paper was only evidence of ap-

pellant's title, as a deed or other writing, tending to show title, might have been. A party is not required to file his title papers before the time of trial, but may do so. Section 128, Civil Code. The only papers which a party is required to file with his pleadings are those mentioned in section 120 of the Civil Code, to-wit: "If an action, counter-claim, set-off or cross-petition be founded on a note, bond, bill, or other writing as evidence of indebtedness, it must be filed as part of the pleading, if in the power of the party to produce it; and if not filed, the reason for the failure must be stated in the pleading; if upon an account, a copy thereof must be filed with the pleading. " Under the old Code, section 155 required that, "if either party shall rely upon any deed or other writing, he shall file with his pleading the original deed or writing if within his power," etc. It was also provided that when filed they should "remain on file for inspection of either party until allowed to be withdrawn by the court." The present Code contains no such provisions.

It is true the genuineness of the bond relied on by appellant is attacked. Unlike a deed duly acknowledged and certified, or an official copy of such deed, the instrument does not prove itself, but its execution by the putative makers must be shown affirmatively by the party relying on it or claiming under it. Its being recorded as allowed by section 500 of the Kentucky Statutes does not change this rule. This section of the statute was not enacted to enable the transfer of title to real estate by title bonds, as is done by deeds. Nor was it designed to change the rules of evidence as to the genuineness of such papers. It was only to give notice to future creditors and purchasers of the equity created by the bond. The bond remained only a bond to be enforced, rescinded, or defeated by the parties to it, or by any other person affected by it, as if it had never been recorded. Its

being recorded imparts to the bond no more legal force, except as serving as a notice to creditors and purchasers, than if it were not recorded. If the party claiming under a title bond fails to avail himself of the provision of the Civil Code ·(section 128) allowing him to file it in advance as evidence on his behalf, the trial court has it in his power to allow the other party reasonable opportunity after it is filed to contest its genuineness and to prevent surprises.

In the next place, appellant was entitled to a trial of the· issue tendered to the effect that appellees knew of the existence of this claim and title in Ingle when they bought. If they did know of it, then they could not be innocent purchasers, and protected against it as such.

The judgment is reversed, with directions to set aside the judgment as well as the order striking appellant's answer from the files, and for further proceedings not inconsistent herewith.