## Loughridge, et al. v. Burkhart.

(Decided March 8, 1912.)

### Appeal from Harlan Circuit Court.

Attorney and Client—Authority to Compromise Client's Case.—An attorney at law has no authority to compromise his client's case, but if he does compromise it without authority securing the dismissal of two suits against his client, as well as a suit brought by his client, the client must promptly disaffirm the transaction after he learns of it, and will not be heard to complain after a delay of three years.

J. A. EDGE for appellant.

H. C. CLAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

W. J. Loughridge and others brought an action against Moses Burkhart in Harlan Circuit Court to recover one hundred acres of land which he claimed he held under an old title bond. In the Circuit Court there was a

judgment in favor of Loughridge, etc., but on appeal to this court by Burkhart his title under the title bond was upheld, and the cause was on December 11, 1906, reversed with directions to the Circuit Court to enter a judgment in his favor. (See Burkhart v. Loughridge, 124 Ky., 48.) On the return of the case to the Circuit Court judgment was entered at the May term, 1907, as therein directed. After that judgment was entered Loughridge, etc., the plaintiffs in that case, on February 8, 1908, brought a suit in the Harlan Circuit Court against Burkhart to obtain a new trial on the ground that the judgment had been obtained by Burkhart by fraud. There was then pending in the court an action by Burkhart against them to recover damages for timber cut on the land in controversy and also an action by Burkhart against T. J. Asher, who was their vendee, to recover damages for timber which he had cut. Loughridge, etc., all resided at Lexington. H. E. Ross, who also resided at Lexington, represented them in all these actions; also Forester and Forester, who were attorneys at Harlan, Kentucky. In June, 1908, Ross and W. H. Henderson, of Lexington, who was one of the plaintiffs, were at Harlan for the purpose of taking depositions in the action for new trial. A proposition to compromise the case was under discussion, and W. H. Henderson, who was sick, said that he had no authority to agree to a compromise, and left before anything was concluded. After Henderson left, Ross upon his own responsibility made a compromise of all three actions. Under the compromise agreement all three suits were to be dismissed, at the cost of Loughridge, etc., and they were to pay back to Burkhart $255 which they had drawn out of court under the judgment which had been reversed in this court. At the following term of the Harlan Circuit Court on June 25, 1908, orders dismissing all three actions were entered pursuant to the written agreement. Upon the return of Ross to Lexington, money was sent from Lexington to pay the cost and to pay the $255 to Burkhart. On September 16, 1911, this suit was brought by W. J. Loughridge, etc., to set aside the judgment dismissing their action for new trial on the ground that the compromise agreement was made by their attorney, H. E. Ross, without authority. An answer was filed controverting the allegations of the petition, and on final hearing the Circuit Court dismissed it. They appeal.

An attorney has no authority to compromise his

client's case by virtue of his employment to represent the client in the action, and a compromise made by an attorney without special authority, may be set aside by the client. (Smith v. Dixon, 3 Met., 438.) But the client can not repudiate his attorney's action, if he has acquiesced in his assumption of authority, and in a case like this he must act with reasonable promptness; for Burkhart's two actions were also dismissed under the compromise, and he was entitled to proceed with his cases if the compromise was not to stand. Ross and his clients all lived at Lexington. Ross does not testify. His clients all testify that they did not pay the money which was sent to Harlan after the agreement was made, and before the orders were entered dismissing the actions. That this money was sent and sent from Lexington is clearly proven, but who sent it is not shown. W. H. Henderson, who was one of the plaintiffs, and who went with Ross to Harlan to attend to the cases, gives this testimony:

Q. "About how long after this suit was dismissed, I mean the suit for a new trial, was it until you found out the order had been entered?

A. "I think it was shortly afterwards. My recollection.

Q. "About how many days?

A. "I don't recollect.

Q. "How did you find it out?

A. "Just now I don't recollect just how I received the information.

Q. "Who was representing you in that matter at the time you found it out?

A. "Messrs. Forester and H. E. Ross.

Q. "Did Mr. Ross tell you about it?

A. "I don't recollect.

Q. "Do you remember where you were when you first heard it?

A. "No, sir; I do not.

Q. "Can you give any idea about how long it was after you and Mr. Ross were at Harlan until you found out this suit had been settled?

A. "No, I don't recall now the time.

Q. "Did you and Mr. Ross return to Lexington together from that trip?

A. "No, sir; not all the way.

Q. "What part of the way did you travel together?

A. "We took the sleeper at Hagan and came home.

Q. "Did you talk with him on the way about this matter?

A. "No, sir."

It is evident from this that Henderson knew of the compromise about the time it was made. He was not only one of the plaintiffs but the one who had gone to Harlan to attend to the business. Notice to him was notice to his associates. The suit to set aside the compromise was not entered for over three years after he knew of it. The application came too late. The plaintiffs could not with knowledge that this compromise had been made rest on their oars for three years and then bring an action to have the orders set aside and the case restored to the docket. They were required to act promptly. They could not sleep on their rights. The delay in complaining of the attorney's action was a ratification of his act.

Judgment affirmed.