**EVERMAN et al. v. WILL et al.**

Court of Appeals of Kentucky.
Oct. 26, 1951.

M. C. Redwine and Redwine & Redwine, all of Winchester, for appellants.

S. T. Davis, Rodney Haggard, Winchester, for appellees.

MOREMEN, Justice.

Appellants brought suit to quiet title to a strip of land, and based their claim of ownership upon a deed stated to have been executed and delivered to appellants by the Commissioner of the Circuit Court. It was not alleged that the deed was recorded. Appellees moved that the Court require appellants to file this deed. The Court sustained the motion. Appellants refused to comply with the Court's ruling and declined to plead further. From a judgment dismissing the petition, this appeal is prosecuted.

Section 120 of the Civil Code of Practice requires that: "If an action, counterclaim, set-off or cross-petition be founded on a note, bond, bill or other writing, as evidence of indebtedness, it must be filed as a part of the pleading, * * *"

Section 128 of the Code provides, in addition, a party may file as an exhibit any writing upon which he may intend to rely as evidence.

We held in the case of Burkhart v. Loughridge, 116 Ky. 604, 76 S.W. 397, a party may, but is not required to, file title bonds or deeds, because such instruments are only evidence of title, and do not fall under the catalogue contained in Section 120 of the Code. It is possible that a deed might contain "evidence of indebtedness," but that question is not presented here.

The judgment is reversed, with directions to set aside the judgment as well as the order requiring appellants to file the above mentioned deed, and for proceedings not inconsistent with this opinion.