CASE 44—PETITION ORDINARY—DECEMBER 17.

## Barkley v. Bradford, et al.

APPEAL FROM BRACKEN CIRCUIT COURT.

1. PRACTICE IN COURT OF APPEALS—INTRODUCTION OF EVIDENCE—REVERSIBLE ERROR.—The provision of sub-section 4 of section 606 of the Civil Code that "no person shall testify for himself in chief in an ordinary action, after introducing other testimony for himself in chief. Nor in an equitable action after taking other testimony for himself in chief," is a rule of practice, and not of right; and if a party appealing has not been prejudiced by a violation of it, this court will not upon that ground alone reverse a judgment which in other respects is regular and proper.

2. EVIDENCE—STATEMENT OF PRINCIPAL AS EVIDENCE AGAINST SURETY.—Upon the trial of an issue as to whether certain parties were principals or sureties on a note, the statements of the princi-

Barkley v. Bradford, et al.

pal with reference to the attitude of such parties to the note, made in their absence, is not competent evidence against them.
WM. H. HOLT AND GEORGE DONIPHAN FOR APPELLANT.

1. A party to a suit should not be permitted to testify for himself in chief after having introduced other testimony. (Civil Code, section 606, sub-section 4.)

2. The evidence of the appellant as to the transactions between him and Irwin, deceased, was competent, because they all took place with Irwin's agent, who had testified in the case and established the agency. (Sec. 606 Civil Code, sub-sec. 2; Harpending's Ex'ors v. Daniel, 80 Ky., 453; Hardin's Adm'r v. Taylor, 78 Ky., 593; Worthley's Adm'r v. Hammonds, 10 Bush, 510.)

THOMAS H. HINES ON SAME SIDE.

1. Upon the face of the note all the obligors were principals, and the law presumes that they so signed it. The burden was upon the appellees to show that they were only sureties, and as to Irwin, the evidence is not sufficient to overcome the legal presumption.
H. C. WEAVER FOR APPELLEES.

(Brief not in the record.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT:

The only question in this case is whether W. J. Irwin and S. W. Bradford were merely sureties of Geo. L. Bradford in the note sued on; for if they were the statute of limitation bars a recovery against them. And as the jury found in their favor, under proper instructions of the court, the only inquiry is whether, as contended, there was error of court, in respect to admission or exclusion of testimony.

It appears Geo. L. Bradford, who was dead when the action was tried, gave his deposition, in which, we think, he stated distinctly they were sureties. But it is argued that the court erred in permitting S. W. Bradford, one of the defendants, to testify, after hav-

ing offered and caused read, in his own behalf, the deposition of Geo. L. Bradford.

The Civil Code, sub-section 4, section 606, provides that "no person shall testify for himself in chief in an ordinary action, after introducing other testimony for himself in chief; nor in an equitable action after taking other testimony for himself in chief." But that is a rule of practice, not of right, and if a party appealing has not been prejudiced by violation of it, this court would not upon that ground alone reverse a judgment in other respects regular and proper.

Appellee S. W. Bradford testified only to a fact that Geo. L. Bradford had, before the trial, stated in his deposition was true, and we do not see how he obtained an undue advantage, or appellant was prejudiced by reading the deposition before instead of after the party himself testified. For Geo. L. Bradford being unimpeached and uncontradicted, the jury would have been bound to find as they did, even if his testimony had not been supplemented by that of S. W. Bradford.

We think it was not competent for appellant, payee, to testify in regard to statements made to him by Geo. L. Bradford in regard to the attitude of Irwin, then dead, and S. W. Bradford on the note sued on in the absence of both of them. For it was to the interest of Geo. L. Bradford to fix liability of Irwin and S. W. Bradford as principals, instead of sureties, whereby his own responsibility would be lessened. And competency of the testimony can certainly not be based upon

the fact that Geo. L. Bradford was agent of S. W. Bradford and Irwin, for the plain reason that fact had to be either assumed, or else shown by his statements without their presence.

Judgment affirmed.