## Neely v. Strong.

(Decided January 20, 1920.)

### Appeal from Breathitt Circuit Court.

1. Continuance—Refusal to Permit Grounds for to be Filed.—Where the court does not permit a litigant to have time and opportunity, in which to prepare his grounds for a continuance, and the other circumstances attending the litigant, at the trial, are such as to make patent the fact, that the litigant is denied a reasonable opportunity to make a fair presentation of his cause, a judgment against him rendered upon such a trial, will be reversed.

2. Appeal and Error—Error in Introduction of Evidence.—The error of permitting a party to an action to give evidence in chief, as a witness for himself, after having introduced other evidence in chief for himself, is not such an error, as for which, the judgment will be reversed, unless it appears, that the error resulted in prejudicing the substantial rights of the adversary litigant.

3. Trial—Punitive Damages—Instructions.—The better practice, in an instruction, permitting the recovery of punitive damages, is to set out, in the instruction, the element, which must exist in the act complained of, which will justify the imposition of punitive damages, and then direct the jury, that if it believes, from the evidence, that such element exists, that it may award punitive damages, if, in its sound discretion, it is proper to do so, not exceeding for all damages, allowed, however, the sum claimed, and not to use in the instruction the words, "by way of punishment."

4. Continuance—Trial—Discretion.—The decisions of the trial court, upon motions for postponement and continuances of trials, and the time and opportunity for a litigant to prepare and present

grounds for a continuance or postponement of a trial, or the time necessary for argument by counsel, are matters addressed to the sound discretion of the trial court, and such discretion will not be interfered with upon appeal, unless it is clear, that the court has abused its discretion.

5    Appeal and Error—Bill of Exceptions.—A paper purporting to be an instruction given upon a trial, will not be considered upon appeal, as a part of the record, unless it is contained in the bill of exceptions, or is identified by an order of the court.

6.   Appeal and Error—Attachment—Bill of Exceptions.—Where the record shows, that the trial court heard evidence upon the grounds of an attachment upon a motion to discharge the attachment, and the evidence is not brought up in a bill of exceptions; upon appeal, it will be assumed, that the evidence justified the judgment of the court, in sustaining the grounds of attachment.

RYLAND C. MUSICK for appellant.

M. H. HOLLIDAY, A. H. PATTON and J. B. ADAMSON for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

In the month of June, 1917, the appellant Robert B. Neely, shot, with a gun, and killed James Strong, in Breathitt county. Thereafter, on July 3, Lula Strong, the widow of the deceased, and her children by a next friend, instituted this action against the appellant to recover damages for the death of the husband and father, as provided by section 4, Kentucky Statutes. At the same time, they procured a general order of attachment to issue, which was levied by the sheriff upon all the personal and real property of the appellant, including a tract of land upon which he resided. Thereafter, on July 16, the appellant filed an answer in which he traversed the allegations of the petition, and, by a second paragraph, pleaded, that the shooting and killing was done in his self-defense, and, by a third paragraph, he controverted the grounds of the attachment. The pleadings were completed on July 2, 1918, when the appellees filed a reply. In October, 1917, the appellant was tried upon as indictment, which had been returned against him, accusing him of the crime of murder, by shooting and killing the deceased, and upon this trial, he was found guilty of murder and sentenced to imprisonment for the period of his natural life, and, directly, thereafter, was taken to the reformatory at Frankfort, to undergo his sentence. He remained con-

fined in the reformatory until the July term of the court, in the next year, 1918, when, as appears from the record, for the purpose of enabling him to testify in his own behalf and to be present upon the trial of the action for damages against him, the court made an order, directing the warden of the penitentiary to have the appellant in the court on the 22nd day of July. This order appears to have been made on the 19th day of July, and the appellant arrived in Jackson, where the court was held, in custody of the warden, on the 21st day of July. This action was set for trial the 22nd day of July, and, upon that day, it was tried and the jury returned a verdict for the appellees in the sum of $2,500.00 in damages, and the court rendered a judgment accordingly, and, at the same time, it was adjudged, that the order of attachment should be sustained and the lands, upon which it was levied, excluding a homestead for the appellant, should be sold in satisfaction of the judgment. The appellant's grounds and motion for a new trial having been overruled, he has appealed to this court, and seeks a reversal of the judgment upon the following grounds:

(1)   The court erred to the prejudice of appellant's rights in overruling the motion for its judge to vacate the bench, and in failing to decline to preside at the trial.

(2)   The court erred in refusing to continue the trial of the action, upon the motion of appellant and in denying to appellant the right to prepare and file grounds for a continuance.

(3)   The court erred in permitting one of the plaintiffs to testify in chief after the plaintiffs had introduced other evidence in their behalf.

(4)   The fourth instruction, given to the jury by the court, was incorrect and prejudicial.

(5)   The court erred to the prejudice of appellant, by limiting the time of argument of counsel to twenty minutes upon each side.

(6)   It was error to adjudge, that the attachment be sustained.

(a)   The affidavit, upon which the appellant based his motion to require the judge to vacate the bench, was lengthy, and contained a great many statements of facts and conclusions from which it is alleged, the conclusion was drawn, that the judge would not give him a fair and impartial trial, but, it is not deemed to be necessary to consider the sufficiency of the affidavit for the purpose it

was intended, as it is not probable, that such circumstances will occur upon another trial.

(b)   Touching the second ground upon which a reversal of the judgment is sought, which is to the effect, that the court abused its discretion in refusing to continue or postpone the trial of the case, and in requiring the appellant to undergo a trial of it at the time and under the circumstances, the record shows, that while the answer of the appellant was never controverted by a reply nor the pleadings of the cause completed until the 2nd day of July, 1918, the appellant had been confined in the penitentiary at Frankfort, since during the previous month of October, 1917, a distance from Jackson of one hundred miles, and that he had never had any opportunity for consultation, personally, with his attorney, from the time of his incarceration in the penitentiary, until his return to Jackson in the custody of the warden of the penitentiary on Sunday, the 21st day of July, 1918, which was the day preceding the trial. His property, except the portion of it which had been released from the attachment on account of its being exempt from attachment, because of his being a person with a family, had been held under attachment since July, 1917. He states, in his affidavit, that he had no money with which to pay his attorneys for their services, or for any other purpose, and was unable to secure the assistance of any one for the preparation of his suit for trial. His attorney took out a subpoena for twelve witnesses, requiring their appearance in court, on the 22nd, the day, the action was assigned for trial, to testify for appellant, and had placed the subpoena in the hands of the sheriff for execution on the 10th day of July, the attorney paying the sheriff, out of his own means, for executing the subpoena. On the forenoon of the 22nd of July, at nine o'clock, the action was called for trial, but the sheriff had not yet returned the subpoena, and no one of the witnesses, for whom the subpoena had been issued, appeared. The plaintiffs, in the   action,   announced ready for trial, but the appellant answered, that he was not ready, and requested time in which to prepare grounds for a continuance or postponement of the trial. The court granted time in which to prepare the necessary affidavit, and appellant's   attorney   retired, with the papers, to his office, which was near by, to prepare the grounds for a continuance. It seems, that up

to this time the appellant had been represented by three attorneys, but, two of them, either, shortly before, or upon the calling of the cause for trial, without any reason appearing for so doing, except his inability to pay the fees, withdrew as counsel for him, leaving him with only one attorney, and with no means of securing the services of another, nor opportunity to do so. Before the attorney, who represented him, had time in which to prepare the grounds for a continuance and had only written a few lines of the grounds for a continuance, another action, in which he was employed as counsel for the party plaintiff, was called for trial and the attorney was compelled to return into the court room to give his attention to that trial. The trial of that action required the time of the attorney continuously, until two o'clock in the afternoon, when the jury, sitting in it, retired to consider of their verdict. This cause was then again immediately called for trial, and the attorney, representing appellant, requested that he be given a reasonable time in which to finish preparing the grounds for a continuance. This request was refused by the court, and the attorney, immediately, went to his office and returned with the papers in the cause, when the court announced to him, that he could have the time, until the jury, then considering of its verdict, should return into court, when the attorney again returned to his office to prepare the grounds for a continuance, but, before he was able to complete them, or to ascertain, from the appellant, the facts that could be proven by certain of the witnesses who had been summoned to testify for him and were absent. he was called back into the court room where he found a jury had been called and was sitting in the box for examination in this action, and further time was denied him to finish the preparation of the affidavit for a continuance. Some time between the first calling of the action for trial and its second calling, the sheriff had returned the subpoena from which it appears, that it had been served upon eight of the witnesses embraced in it, but that four of them were not served on account of their absence from the county. The statements, which these absent witnesses, who had been served with the subpoena, would make, if present, were partially set out in the affidavit, the attorney stating, that he was unable to set out their statements in full, because of the necessarily hurried preparation of the affidavit and his lack

of opportunity to inquire of the appellant and to learn,
from him, what was expected to be proven by the wit-
nesses, and the affidavit only embraced such statements
as would be made by these witnesses, which the attorney
himself was able to recall The affidavit shows, that the
facts expected to be proven by two of the witnesses, who
had been served with the subpoena, were not set forth in
the affidavit at all, though the names of these two wit-
nesses are given in the affidavit, and it states, that the
affiant would set out the facts expected to be proven by
them, but, that he did not do so, because the court would
not permit him to have time in which to write them him-
self, or to dictate them to a stenographer. The plaintiffs
having consented, that the affidavit might be read as the
depositions of the absent witnesses, the appellant's mo-
tion for a continuance or postponement of the case, was
overruled, and he was required to immediately enter
upon the trial without the presence of one of the wit-
nesses for him, and when the evidence was concluded, the
court, over the objection of appellant, limited the time
of the argument of the case to twenty minutes upon each
side. Section 315, Civil Code, provides, that a motion
for a postponement of a trial on account of the absence
of witnesses, shall be based upon an affidavit showing
the materiality of the evidence, expected to be made by
the absent witnesses; due diligence in attempting to pro-
cure their attendance; and the facts, expected to be
proven by the witnesses; and that the affiant believes
such statements of facts to be true; and that if the ad-
versary litigant will consent that the affidavit may be
read as the deposition of the witness, the trial will not be
postponed. This statute must necessarily provide, that
a litigant shall have a reasonable time and fair oppor-
tunity to set out, by affidavit, the facts, which he expects
to prove by an absent witness, and if the court denies
him such right, the provision, *supra,* is nullified, and the
litigant is denied a legal right and a fair trial. It is com-
mendable on the part of a court, to be diligent in ex-
pediting the business therein, but, there should be no
such unreasonable hurry, as to sacrifice justice to such
expedition. As a matter of course a litigant should not
be permitted to consume an unreasonable and unneces-
sary time in the preparation of grounds for a continu-
ance, and the time and opportunity to be extended for
the exercise of such a right, must, necessarily, be a mat-

ter within the sound discretion of the trial court, and in accordance with the doctrine of this court, that as to matters, which are within the discretion of the trial court, such as decisions upon motions for continuances and postponements of trials, the discretion of the trial court will not be interfered with unless it clearly appears that such discretion has been abused. McClung v. Igleheart, 17 R. 913; Crane v. Hall, 165 Ky. 827; Conn. Fire Ins. Co. v. Hardin, 168 Ky. 377; Gnau v. Ackerman, 166 Ky. 268; Wilhelm v. Louisville Ry. Co., 147 Ky. 196; Connelly v. Central Kentucky Traction Co., 152 Ky. 764. It is axiomatic, that a litigant is entitled to at least one tolerably fair trial of his action. The facts, as herein stated, in regard to the time and opportunity, which were extended to appellant to present his defense to the action, are uncontradicted. It is patent, from all the circumstances, that the appellant was denied a reasonable opportunity to make a fair presentation of his defense, and that, under the circumstances, it was an abuse of discretion upon the part of the court to require him to enter into the trial at the time, and in the manner, it was done.

(c) The third ground urged for a reversal, rests upon the fact, that Henry Strong, by whom as next friend the infant appellees were prosecuting this action, was first introduced as a witness for the appellees upon the trial, and that over the objection of the appellant, one of the appellees, who were the plaintiffs below, was permitted to testify in chief, and it is insisted, that this was in violation of section 606 of subsection 3 of the Civil Code, which provides, that, ''No person shall testify for himself in chief in an ordinary action after introducing other testimony for himself in chief; nor in an equitable action after taking other testimony for himself in chief.'' The infant appellee herein, was a real party to the action and the term, ''no person,'' used in the section, *supra,* has been defined to be a party to the action. A strict construction of the provisions of the section, *supra,* would seem to require, that a real party in interest in an action, should, if he desired to testify in chief, so testify, before using another witness for that purpose, including a mere nominal party, but, it was held in Barclay v. Bradford, 100 Ky. 304, and L. & N. R. R. Co. v. Lucas, 30 R. 359, that a judgment will not be reversed for an error of this kind, unless it appears to have been prejudicial to the substantial rights of an adverse litigant, and

to determine this question, it would be necessary to consider the evidence, given on the trial by the real party and by the next friend as well as the other witnesses, to determine whether the error, if it was one, was, or was not prejudicial, and, the appellant having failed to incorporate in the record, the evidence heard upon the trial, it can not be determined, whether the error was, or was not prejudicial.

(d) The fourth objection made by appellant, is that the court erred to his prejudice in giving, to the jury, the following instruction:

"If you should find for the plaintiffs, under instruction 3, any sum by way of compensatory damages, then you may find in addition thereto, by way of punishment, such additional sum as you may deem proper, not however, in all to exceed the sum of $7,500.00, the amount sued for."

The appellant does not make instruction number 3, or any other instruction, except the one quoted above, a part of the record, and hence, we are unable to determine whether a finding, under instruction 3, was such as to justify a finding of punitive damages or not, if the jury, in its discretion, thought that the imposition of such damages was just. True, what purports to be the instructions given, are copied into the transcript by the clerk, but, the ones copied into the transcript, if such were the instructions which were given, are not embraced in the bill of exceptions, nor is there any order of the court, which identifies them as the instructions, which were given, or makes them a part of the record. It has been uniformily held by this court, that it will not consider, as a part of the record, papers purporting to be instructions, although copied into the transcript by the clerk, but which are not contained in the bills of exceptions, nor identified by an order of the court. Gooch v. Collins, 156 Ky. 282; Mudd v. Shroader, 152 Ky. 696; Gardner v. Alexander, 159 Ky. 713; Latham v. Lindsey, 33 R. 985, Hoffman v. Charles, 97 S. W. 775; Nave v. Riley, 146 Ky. 276; Tinsley v. White, 21 R. 1151. Hence, the only consideration, which can be given to the instruction complained of, is the correctness or want of correctness of its terms as applied to an instruction permitting punitive damages in any action, whatsoever. The rule is, that an instruction, which permits the recovery of punitive damages, should designate the elements in the act complained

of, which the jury must believe, from the evidence, to exist, to warrant their imposition and to direct the jury, that if it believes, that such elements existed in the act complained of, it may, in the exercise of a sound discretion, impose punitive damages, not to exceed the sum, in all, of the damages claimed. Schneider v. McGill, 28 R. 587; Weiskoph v. Ritter, 29 R. 1268; Southern Ry. Co. v. Barr's Admx., 21 R. 1615; Southern Ry. Co. v. Scanlon, 92 S. W. 927. These authorities substantially hold, that the better practice, is not to use, in such an instruction, the words complained of in the instruction in the instant case to-wit: "by way of punishment," but, to direct the jury in accordance with the rule above stated.

(e) The complaint, that the court limited the argument of counsel to twenty minutes upon each side, will not be considered, as the absence of the evidence precludes any determination as to whether the court abused its discretion in so limiting the argument.

(f) The attachment was levied upon the appellant's property in July, 1917. His answer, controverting the grounds of the attachment, was filed on July 16, 1917. On July 16, the appellant moved the court to dismiss the attachment, "upon the merits of the case." On July 26, thereafter, the court heard the motion, and the record shows, that, upon the hearing, evidence was heard, which we must presume to have been upon the validity of the grounds of the attachment, and the attachment was discharged as to the personal property which had been levied upon, presumably upon the ground, that the personal property was exempt from attachment. The evidence, heard upon that motion, is not brought up in the record. No further order was made at that time, and no further proceedings, until after the trial of the action, but, the court rendered a judgment sustaining the attachment, and directing a sale of the real property upon which it had been levied in satisfaction of the judgment, for damages, after setting apart a homestead for appellant, as exempted property, and this judgment was not rendered until the judgment, upon the verdict for damages, was rendered. In the absence of the evidence heard upon the motion to discharge the attachment, it must be presumed, that it was sufficient to justify a judgment sustaining the attachment, and, the fact, that the court delayed its judgment upon the attachment until after a trial of the action does not affect the situation. Hence,

the judgment, sustaining the grounds of the attachment, should stand until a final disposition of the case, but the order for a sale of the lands should be set aside as the judgment, for which its sale is directed, is reversed.

The judgment appealed from is therefore reversed to the extent herein indicated, and the cause remanded with direction to set aside the judgment entered upon the verdict of the jury, and the order for the sale of the land, and to grant appellant a new trial, and for further proceedings not inconsistent with this opinion.