## Davis v. Kimberlain.

### (Decided May 11, 1920.)

### Appeal from Magoffin Circuit Court.

1. Appeal and Error—Pleading—When Rejected Pleading Will Be Considered on Appeal.—Where the lower court in an equity case erroneously refused to permit an amended pleading to be filed, but made it a part of the record, this court will treat the tendered amendment as if it had been filed.

2. Evidence—Construction of Sub-section 3, Section 606, of the Code, —The provision of section 606 of the Civil Code, that no person shall testify for himself in chief, after introducing or taking other testimony for himself, will not be enforced when it affirmatively appears that the other party was not prejudiced by the failure to introduce evidence in the order specified in the section.

A. F. BYRD, CALLOWAY HOWARD and J. W. HOWARD for appellant.

PRATER & RAMEY for appellee.

Opinion of the Court by Chief Justice Carroll—
Affirming.

This suit was brought by Harrison Davis against
David Kimberlain to recover the possession of a tract
of land alleged to be in the wrongful possession of Kim-
berlain, and the original answer of Kimberlain was
merely a traverse of the petition.

Briefly, the facts are these: Harrison Davis is the
son of Andrew Davis, and the evidence shows that when
he was about eleven years old, his father, Andrew Davis,
deeded to him the land in controversy, but on account of
his youth delivered the deed (which was never put to
record) to his mother to hold for him until he became
twenty-one years of age; that sometime after this, the
deed was destroyed by fire.

It also appears that a few years after Andrew Davis
made this deed to his son, Harrison Davis, he conveyed
the same land, for a valuable consideration, to David
Kimberlain, who had his deed put to record.

There is ample evidence to establish the fact that
Andrew Davis made the deed to Harrison Davis, and
there is no dispute about the fact that subsequently he
conveyed the same land to Kimberlain. So that the only
material issue of fact in the case was whether Kimber-
lain, when he took the deed, knew that Andrew Davis had
previously deeded the land to Harrison Davis.

Upon this issue, there is evidence supporting the
theory of Kimberlain that he had no knowledge or in-
formation whatever of the previous conveyance by
Andrew Davis to Harrison Davis, and also evidence sup-
porting the theory of Harrison Davis that at the time
and before David Kimberlain took the deed he had
actual notice of the existence of the deed that had been
previously made by Andrew Davis to Harrison Davis.
The lower court, upon this disputed issue of fact, dis-
missed the petition of Harrison Davis, and he appeals.

After all the evidence had been taken and the case
submitted for judgment, but before judgment was pro-
nounced, Kimberlain offered to file an amended answer
to conform to the proof, in which he averred that he pur-
chased the land from Andrew Davis in good faith for a
valuable consideration and without any notice whatever
of the previous conveyance of same to Harrison Davis,
or that Harrison Davis had or claimed to have any in-
terest whatever in the land. The lower court however

refused to permit this amended answer to be filed, although he allowed it to be made a part of the record.

On this appeal, the first ground for reversal relied on is that when the case was heard and determined by the lower court, the amended answer was not treated by the court as a part of the pleadings and, therefore, as there was no answer relying on the defense that Kimberlain was a good faith purchaser for a valuable consideration without notice, the court should have given judgment for Davis. If this position is sound, the lower court committed error in dismissing the petition and should have given judgment in favor of Davis, because the decided weight of the evidence shows that Andrew Davis had made and delivered to the mother of Harrison Davis, for his use and benefit, a deed to the land.

We say this because the original answer of Kimberlain merely traversed the averments of the petition and did not set up that he was a purchaser in good faith for a valuable consideration without notice of the previous deed to Harrison Davis; and, this being so, the defense on which Kimberlain was entitled to and did succeed was not made.

The record does not disclose why the court refused to permit this pleading to be filed. But whatever the reason that influenced its rejection, we think the court committed error in not permitting it to be filed. It is very true that trial courts are allowed a wide discretion in respect to permitting amended pleadings to be filed; but as this amended answer only conformed to the evidence taken by both parties in contesting the issue that was set up in it, the court should have let it be filed. Both parties, in taking their evidence, treated this issue as being in the case, and we may well assume that each introduced all the evidence he could discover in support of his side.

Under these circumstances, if we should refuse on this appeal to consider this pleading, the result would be that Kimberlain would lose on account of an error committed by the lower court, and Davis would win as a result of this error when he should lose. In other words, we would repeat the error committed by the lower court in place of correcting it as it is our right and duty to do. It would be trifling with justice and sacrificing substance to idle form to dispose of this case without considering as a part of the pleadings this amended answer.

The other ground relied on for reversal is that as Kimberlain, before giving his own deposition, had taken in his behalf the deposition of W. T. Burton, the court should have sustained the exceptions filed to the deposition of Kimberlain, and thereby deprived him of the chief evidence in his behalf.

This exception was based on subsection 3, of section 606, of the Civil Code, which provides that: "No person shall testify for himself, in chief, in an ordinary action, after introducing other testimony for himself, in chief; nor in an equitable action, after taking other testimony for himself, in chief."

This section of the Code does not, of course, prevent a party from testifying orally or giving his deposition in rebuttal after other witnesses have testified, or have given their depositions in his behalf. Louisville Insurance Co. v. Monarch, 99 Ky. 578; Key v. Duffin, 175 Ky. 348; Cowan v. Dillon, 163 Ky. 496; Burkhart v. Loughbridge, 124 Ky. 48.

But he cannot, subject to the exception later to be noticed, testify for himself in chief either orally or by deposition after taking other testimony for himself in chief, and there is no dispute about the fact that the deposition of Burton was taken by Kimberlain, in chief, before he gave his own deposition, in chief; and this being so, if this section of the Code should be strictly construed and according to its letter, the exceptions filed to the deposition of Kimberlain should have been sustained.

This section of the Code, however, is not to be literally applied in all cases. As said in Barkley v. Bradford, 100 Ky. 304: "It is a rule of practice, not of right, and if the party appealing has not been prejudiced by a violation of it, this court would not, upon that ground alone, reverse a judgment in other respects regular and proper."

In L. & N. Railroad Company v. Lucas, 30 Ky. Law Rep. 359, the widow of Lucas, who would be one of the beneficiaries in any judgment that might be obtained by the administrator of Lucas against the railroad company, was permitted to testify in chief after other witnesses had been introduced by the administrator.

In holding that the court did not commit reversible error in permitting the widow to testify, we said: "It is sufficient to say that the error, if any, was committed

by the lower court, in permitting her to testify, was not prejudicial to appellant. The administrator did not himself testify, and only two witnesses were introduced by him before the widow testified, one being the photographer who identified certain photographs he had made of the place of the accident and surrounding objects, and the other the county surveyor, who testified as to certain distances according to his measurements. The widow's testimony was confined to such matters as the decedent's age, condition of health, ability to labor, and what he was earning at the time of his death." See further C. & O. Railway Co. v. Perkins, 127 Ky. 110; Neely v. Strong, 186 Ky. 540.

Adopting the rule of practice laid down in these cases, that it will not be reversible error to permit a party to give evidence in chief in his own behalf after introducing other evidence if it affirmatively appears that the failure to observe the order of introduction specified in the Code did not prejudice the substantial rights of the other party, we are of the opinion that the court did not commit error in overruling the exceptions to the deposition of Kimberlain.

It was claimed that Burton, who was deputy county clerk, took the acknowledgment of Andrew Davis to the deed made to him, and his testimony was confined solely to showing that he did not take the acknowledgment of Andrew Davis to this deed.

When Kimberlain came to testify in his own behalf, he did not testify directly or indirectly touching any fact or circumstance developed in the evidence of Burton. His testimony, so far as material, was directed solely to the point that he had no knowledge or information of the fact that Andrew Davis had previous to conveying the land to him deeded it to his son, Harrison Davis. He was not inquired of, nor did he make any answers tending in any manner to corroborate the evidence of Burton, or to disprove the fact that Andrew Davis had not made the deed to Harrison Davis, except in so far as his evidence shows that he had no knowledge or information of such a deed. So that Burton did not testify as to any fact or circumstance given in evidence by Kimberlain, nor did Kimberlain give evidence as to any fact or circumstance testified to by Burton.

The purpose of the Code in prohibiting a party in interest from giving testimony in chief in his own behalf, after introducing other testimony for himself, was to prevent such party from strengthening his case by supplying omissions or deficiencies in the evidence of other witnesses in his behalf, and so that he might not corroborate or support by his evidence what his witnesses had testified to.

This being the reason for the enactment of the rule of practice laid down in this section, it is not necessary to give it the effect intended in its adoption that it should be applied to a state of facts, such as are presented by this record. It is very plain that Harrison Davis was not and could not be prejudiced by the fact that the deposition of Burton was taken before that of Kimberlain.

Upon the whole case, we are satisfied that the judgment of the lower court is supported by the weight of the evidence upon the issue that Kimberlain had no notice of the deed made to Harrison Davis at the time of his purchase, and, as the decision of the case turns on this point, the judgment is affirmed.