## Daniel v. Powell.

January 14, 1947.

Rehearing denied March 18, 1947.

W. J. Baxter, Judge.

M. C. Redwine for appellant.

M. E. Strange for appellee.

Opinion of the Court by Morris, Commissioner—Affirming.

Appellant, plaintiff below, appeals from a judgment holding Powell to be the owner of a small strip of land in Clay City, Powell County. Her petition alleged that she was the owner and in possession of the parcel described as follows:

"Beginning at a point in the center of the L. & E. Railway right-of-way; thence along the center of same N. 75-30 W. 230 feet to a street line, where the overhead

bridge stood; thence along said line S. 02 W. 95 feet to a post about 3 feet on the right-of-way of highway Route 15; thence along and near the right-of-way of said highway S. 68-30 E. approximately 125 feet to the place of beginning.''

The descriptive clause is followed by this language: ''Being adjacent to and part of the land owned by and in the possession of the plaintiff located between said highway and what was formerly the center of the L. & E. right-of-way, now abandoned.'' Appellant alleged that she and her predecessor in title ''have for some 15 years last past been in the adverse * * * possession of the aforesaid tract, and that the defendant now holds and has since February 23, 1943, wrongfully held said land and kept plaintiff out of possession, to her damage in the sum of $100, for which she prays, and for the recovery of the land.''

Powell answered in denial, and affirmatively alleged that he obtained title to the described tract from the L. & N. R. R. Company by deed of September 18, 1942, and is the owner and entitled to possession of the tract. His answer drew a reply denying all allegations, and affirmatively pleading that Powell's deed did not convey any land to defendant; that when Powell accepted his deed she was in adverse possession of the strip, a fact which defendant knew at the time. The court being of the opinion that the cause sounded in equity, transferred it to the equity docket, and upon submission adjudged Powell the owner of the described strip of land.

Appellant relies on the following grounds for reversal: (1) The chancellor ignored appellant's plea of champerty; (2) defendant was allowed to reopen the case after order of submission; (3) the chancellor erroneously overruled exceptions to depositions, and (4) failed to evaluate properly appellant's plea of adverse possession.

As to ground No. (2), the transcript shows an order of submission on March 20, 1944. At the June term defendant's motion to set aside was sustained over appellant's objection; this order was obviously for the purpose of taking the deposition of Cole. The record shows that no steps were taken between the date of motion and final hearing, except such as related to this matter. The

objection to deposition of Cole (an engineer who introduced a map, and testified in explanation) was that it "was cumulative and developed no new theory of fact or law." Under the circumstances there was no prejudicial error shown. The general rule is that the court has a discretion in the matter of reopening a case for the purpose of admitting further evidence. 23 Am. Jur., Trial, Sec. 126; Simmons v. Willis, 9 Ky. Law Rep. 406.

Point (3) is based on the fact that Powell secured the deposition of William Brush before he testified. The transcript shows that Brush's deposition was taken "by agreement" on November 1, 1943, Powell's on November 11. Counsel for plaintiff later objected "to all the testimony of the witness." Appellant and her witnesses had given their depositions. Counsel for defendant filed an affidavit in which they stated that the deposition of Brush was taken by agreement "by the terms of which the notice of taking and the order was waived by parties." They had announced that they were not ready to take Powell's deposition, and it was agreed that it should be taken on November 11, 1943. Plaintiff filed affidavits of one of her witnesses who was present when she took her depositions. She said when Mrs. Daniel announced through, appellee's counsel asked if he could not take "the deposition of William Brush, husband of Patty Brush, as he wished to return to his home (Springfield, Ohio) that day, to which my mother and her attorney answered in the affirmative, but nothing was said about a waiver." The stenographer, in caption and certificate to Brush's deposition, stated that it was taken by agreement. A reference to his deposition shows no general exception, but an exception limited to so much as related to his selling the property and signature to the deed, matters concerning which Powell did not testify.

Under the circumstances we cannot hold that the court erred in failing to strike the deposition. We have held that notwithstanding a party takes a deposition prior to his testimony, the latter may be competent under certain circumstances. The provisions of the Civil Code of Practice, sec. 606, subd. 3, will not be enforced unless it affirmatively appears that by the irregularity the party complaining was prejudiced in substantial rights. Davis v. Kimberlain, 188 Ky. 147, 221 S. W. 226; Head's Adm'x v. Commonwealth, 254 Ky. 687, 72 S. W. 2d 60.

It is a little difficult to describe the physical situation of the tracts, and their relative positions. The testimony of parties, together with the two maps, serve to confuse, and neither brief is at all helpful in this particular. The tract described is a narrow strip approximately 225 feet long and 75 feet wide, formerly a part of a right-of-way of an L. & N. Railway spur track, abandoned many years ago. As we gather from maps and testimony, Seventh Street runs in a northerly and southerly direction. The abandoned way is practically parallel with old Sixth Avenue from Seventh Street for some distance, and curves so that a highway intersects with the right-of-way about 1800 feet west of Seventh Street. The abandoned right-of-way was 150 feet wide. The strip described in appellant's petition is rectangular and on the south side of the center line of the right-of-way. Mrs. Daniel's residence on the property conveyed by the Brush deed, is on the south and Powell's residence and tract on the north side. The northwest corner of the tract in dispute, according to maps, is in the center line of the abandoned right-of-way near what was formerly an overhead bridge crossing 1800 feet west along the center line from Seventh Street. From there it extends about 220 feet east with the center line, a strip about 75 feet wide on the south of the center line. Appellant claims the strip next to appellee's property by adverse possession in pleading, and in proof under the Brush deed and adverse possession. We say "undertakes" because Mrs. Brush merely thought she owned the disputed strip, and it is readily determinable that her deed to appellant did not embrace the strip in question. A reading of the deposition of appellant's surveyor shows that his survey and map were not based on the deed, but made from directions and suggestions as to points by some person on behalf of appellant. The Powell surveyor made his observations from the Brush deed, and the deed from the railroad company to Powell. He was positive that Powell was not claiming nor had he fenced any of the land of appellant.

Aside from the fact that the Brush deed did not embrace the described boundary, testimony produced by plaintiff on the question of adverse possession totally fails to establish such right in her or her predecessor in title. Mrs. Brush who was the chief witness, does not

state facts which would in the least support her claim. She does little more than say that during her ownership she "claimed" the strip in question. There was at one time a fence built across the strip near her home which she used as a garden and to "keep her cow from straying to the overhead bridge," but she "claimed" to the overhead bridge and said she sold to appellee "all she claimed." The fencing was rather a fencing out than in. She does not state when the fence was built, and some proof shows that it was built under agreement with the railroad company that it would be removed on request.

Appellant relies chiefly on adverse possession; the rule is that in order to obtain relief she must rely upon the strength of her title, and not upon the weakness of title of her adversary. Skaggs v. Ohio Valley Rock Asphalt Co., 292 Ky. 758, 166 S. W. 2d 1005. To prove title in an action in ejectment, plaintiff must establish his right by a connected record title to a common source or the Commonwealth, or by establishing continuous fifteen years actual adverse possession. Engle v. Walters, 282 Ky. 732, 140 S. W. 2d 402. Proof to sustain a claim of title by actual adverse possession must be much more convincing than such as is shown here. It may be noted that appellant did not plead "actual" adverse possession. See Flynn v. Fike, 291 Ky. 316, 164 S. W. 2d 470. The proof is far from sufficient to uphold the plea of champertous deed; it is based on the fact that in answer to a question as to whether Powell knew the Daniels *claimed* from the old road to the overhead bridge, said: "At the time I bought it I heard that," and proof of similar import. There is also proof that at one time he tried to purchase a strip from the Daniels for a passway. It is not clear just where this was located. Powell says it was not across the disputed strip. The evidence is not clear, but if there was conflict we leave the conclusion to the chancellor.

Evidence to sustain a plea of champerty must be clear and convincing. Fordson Coal Co. v. Mills, 234 Ky. 64, 27 S. W. 2d 382; Gasho v. Lowe, 282 Ky. 518, 139 S. W. 2d 437; it must show, not that the complaining party or her predecessor "claimed," but that at the time of deed had adverse possession. Phillips v. American Association, 259 Ky. 402, 82 S. W. 2d 456. The possession must be actual, and accompanied by all elements

which would have in time ripened into good title. Deupree v. Walker, 255 Ky. 30, 72 S. W. 2d 732; Gasho v. Lowe, supra; Fordson Coal Co. v. Collins, 268 Ky. 331, 104 S. W. 2d 985; Hall v. Fordson Coal Co., 296 Ky. 227, 176 S. W. 2d 414. The argument that the Railroad Company had no title to convey is not of importance, since appellant to recover must do so on her title.

Under the facts developed and authorities cited, we are of opinion that the court properly denied the relief sought by appellant.

Judgment affirmed.