**EDMONDS et al. v. HENSLEY.**

Court of Appeals of Kentucky.

June 15, 1951.

G. G. Rawlings, Harlan, for appellant.

J. C. Baker, Harlan, for appellee.

MORRIS, Commissioner.

Appellants Edmonds and wife, plaintiffs below, alleged that on March 19, 1946, they were the owners of a milk cow valued at $200; that on that date the appellee owner of a taxi, through her servant, the driver, operated her vehicle in such a negligent manner as to strike and injure the animal, later resulting in its death. They sought recovery for the value of the cow and an additional $400 as damages for the loss of the use of milk and butter for a period of twenty weeks and $10.50 for medical treatment, in all the sum of $610.50.

Answer of defendant (appellee) was a denial of all allegations of the petition. The case was tried out before a jury which returned the following verdict: "We the jury do agree and find for the defendant.

In brief for appellants only two points are raised in seeking reversal. It is contended that the court prejudicially erred in refusing an instruction offered by appellants and that the court erroneously refused to allow Mr. Edmonds (a party) to testify after Mrs. Edmonds and another witness for plaintiffs had testified. Such testimony as was had on the trial was not officially reported; portions only are set out in narrative form in the bill of exceptions. Neither are the instructions given to the jury embraced in the transcript.

Briefly the testimony for appellants was that on the date mentioned the cow had been grazing on the highway, as was the known custom, and while starting to cross the highway was struck and injured by the automobile. It was stated that the highway was straight for a distance of 100 yards and the cow, "in the opinion" of one witness, could have been seen by the driver had he been on the lookout.

The bill of exceptions for some reason does not contain any of the evidence of appellee in any form, though it is recited that at the conclusion of plaintiffs' evidence "defendant and other witnesses testified." It was stated that the driver of the car said that he did not see the animal until within about four feet of her.

The bill of exceptions shows that appellants offered an instruction advising the jury that should they find for plaintiffs the value of the cow, they should also find for the value of loss of milk and butter not to exceed the amount set out in the petition. This was "approved", but not given to the jury, and it is contended that the refusal was prejudicial.

As to the denial of the right of Mr. Edmonds to testify, there was no avowal as to what his testimony would be, but from the bill of exceptions it may be assumed that it went to values rather than the matter of alleged negligence. Mrs. Edmonds had testified fully as to values and there appears to be no dispute on these points. Technically, the court in refusing to allow Mr. Edmonds to testify after a witness, other than his wife, had testified, had in mind subsection 3 of section 606 of the Civil Code. The allowance or refusal of a party to testify after other witnesses have been used in the party's behalf is a matter in the discretion of the court.

As the record is presented to us we are compelled to conclude that neither of the urged errors worked to the prejudice of plaintiffs. We thus conclude because of the finding of the jury for defendant. We must assume that the testimony of defendant presented an issue as to the negligence attributed to defendant or the driver of her car. We must assume, in the absence of complaint to the contrary, that the court correctly instructed on this is--

sue. There is no contention that the verdict rendered by the jury is contrary to the evidence.

Judgment affirmed.