**Callie BROWN, Appellant,**

**v.**

**Robert SMILEY, Appellee.**

Court of Appeals of Kentucky.

May 24, 1968.

L. B. Weir, Madisonville, for appellant.

Earle M. Nichols, Frederick E. Nichols, Nichols & Nichols, Madisonville, for appellee.

STEINFELD, Judge.

On or about July 20, 1963, the appellant, Callie Brown, was struck by an automobile being driven by the appellee, Robert Smiley. The accident took place in Earlington, Hopkins County, Kentucky, while Mrs. Brown was walking along the sidewalk and Smiley was driving out of an alley which crossed over the sidewalk to one of the streets of the town.

On the trial Mrs. Brown, the plaintiff below, called Smiley, defendant below, as

her first witness and he was examined as if under cross-examination. After he was excused Mrs. Brown then attempted to testify. Appellee's counsel objected and relied on KRS 421.210(3) which states:

"No person shall testify for himself, in chief, in an ordinary action, after introducing other testimony for himself, in chief; nor in an equitable action, after taking other testimony for himself, in chief."

The trial court sustained appellee's objection and refused to allow Mrs. Brown to testify. She made no avowal but then introduced her witnesses, one of whom testified as to how the accident occurred. Others gave testimony as to her injuries, expenses and treatment. The jury then heard the proof offered by appellee. It returned a verdict in favor of Smiley, judgment was entered thereon from which Mrs. Brown has appealed.

The principal argument advanced to obtain a reversal is that it was error to deny Mrs. Brown the right to tell her story to the jury. This argument has presented a perplexing procedural problem to lawyers and trial courts as far back as Barkley v. Bradford, 100 Ky. 304, 38 S.W. 432 (1896). We believe it may be of service to review the decisions and announce our interpretation of KRS 421.210(3) which must be considered along with CR 43.02, part of which provides:

"(3) The party on whom rests the burden of proof in the whole action must first produce his evidence; the adverse party will then produce his evidence. The party who begins the case must ordinarily exhaust his evidence before the other begins. But the order of proof shall be regulated by the court so as to expedite the trial and enable the tribunal to obtain a clear view of the whole evidence."

Barkley v. Bradford was an action by George W. Barkley against S. W. Brad-

ford and others. From a judgment in favor of defendants the plaintiff appealed. He argued that the court erred in permitting S. W. Bradford, one of the defendants, to testify after having offered and caused to be read in his own behalf the deposition of George L. Bradford. Then Civil Code section 606, subsection 4 provided that, "No person shall testify for himself, in chief, in an ordinary action, after introducing other testimony for himself, in chief; nor in an equitable action, after taking other testimony for himself, in chief." We held the Code section was a rule of practice, not of right, and if a party appealing had not been prejudiced by violation of it, this court would not, upon that ground alone, reverse a judgment in other respects regular and proper. We decided that the defendant had not obtained an undue advantage and that plaintiff was not prejudiced.

In Continental Ins. Co. v. Ford, 140 Ky. 406, 131 S.W. 189 (1910), plaintiff Ford had obtained fire insurance from Continental. His building burned and he sued the insurance company. The jury found in his favor. Appellant claimed that the trial court erred in permitting Ford to testify in his own behalf after his counsel had cross-examined Continental's witnesses upon new matter and thereby made them the witnesses for Ford.

Continental relied on subsection 3 of section 606 of the Civil Code which then read:

"No person shall testify for himself, in chief, in an ordinary action, after introducing other testimony for himself, in chief; nor in an equitable action, after taking other testimony for himself, in chief."

We said that this section had " * * * no application to the state of case here presented." and continued, "While the appellee did make appellant's witnesses his own by cross-examining them on new matter not brought out in their direct examination, he did not introduce their testimony in chief, but only on cross-exami-

nation. Appellant's counsel overlook the effect of the phrase 'in chief'. That refers only to testimony given by a witness upon direct examination—not that which may be given on cross-examination, even though it relate to new matter."

Davis v. Kimberlain, 188 Ky. 147, 221 S.W. 226 (1920) involved an unsuccessful suit by Davis against Kimberlain to recover possession of a tract of land which he alleged was in the wrongful possession of Kimberlain. On appeal Davis claimed that error was made because a deposition of Kimberlain was considered to which he had excepted. Kimberlain before giving his own deposition had taken in his behalf the deposition of witness, W. T. Burton. He relied on Civil Code section 606, subsection 3. We held:

"But he cannot, subject to the exception later to be noticed, testify for himself in chief, either orally or by deposition, after taking other testimony for himself in chief, and there is no dispute about the fact that the deposition of Burton was taken by Kimberlain in chief before he gave his own deposition in chief; and, this being so, if this section of the Code should be strictly construed and according to its letter, the exceptions filed to the deposition of Kimberlain should have been sustained."

The court wrote that "This section of the Code, however, is not to be literally applied in all cases." It cited Barkley v. Bradford, 100 Ky. 304, 38 S.W. 432 (1896) and Louisville & N. Railroad Co. v. Lucas' Adm'r, Ky., 98 S.W. 308, 30 Ky.Law Rep. 359 (1906). In Lucas we held that the lower court did not commit reversible error in permitting the widow to testify in an action brought by her deceased husband's administrator after two witnesses were introduced by him. The court made a distinction on the basis of the type of testimony introduced. Other cases were cited and a rule was announced as follows:

"Adopting the rule of practice laid down in these cases, that it will not be reversi-ble error to permit a party to give evidence in chief in his own behalf after introducing other evidence if it affirmatively appears that the failure to observe the order of introduction specified in the Code did not prejudice the substantial rights of the other party, we are of the opinion that the court did not commit error in overruling the exceptions to the deposition of Kimberlain."

Next was Head's Adm'x v. Commonwealth, for Use and Benefit of Dawson, 254 Ky. 687, 72 S.W.2d 60 (1934). Plaintiff took the deposition of Joseph Fitzgerald, the clerk of the Oldham Circuit Court, and proved by him as Clerk, that certain papers were found in the court, and a copy of these papers was made a part of his deposition. He did not testify on any other subject. He was introduced first because the papers he filed were necessary to be before the witness when the deposition of Dawson was taken. We concluded that while this was irregular, it prejudiced no substantial rights of the appellees, for Fitzgerald did not testify on any subject that Dawson testified on, and the rule is that the deposition of a party in an equitable action is competent although before testifying he had taken the deposition of a witness as to an entirely different matter.

Hutchins v. Foley, 271 Ky. 104, 111 S.W. 2d 586 (1937) was a successful suit to set aside a deed. A ground for reversal was that appellees, plaintiffs below, took the deposition of one of the appellants, defendants below, as if on cross-examination before taking the deposition of appellees. In holding that the trial court did not err in considering the depositions and after citing section 606, subsection 3 of the Civil Code we said:

"Subsection 8 of the same section provides: 'A party may be examined as if under cross-examination at the instance of the adverse party, either orally or by deposition as any other witness; but the party calling for such examination shall

not be concluded thereby, but may rebut it by counter testimony.'

"It will be noted that in an ordinary action the testimony in chief of the parties to an action cannot be used after the introduction of other testimony, nor in an equitable action after the taking of other testimony for himself, in chief. It was not error, after taking the deposition of Malissa Hutchins as on cross-examination, to then take the depositions of the parties. But even if an error, we do not consider the alleged error grounds alone for reversal. In the case of Barkley v. Bradford et al., 100 Ky. 304, 38 S.W. 432, 18 Ky.Law Rep. 725, we said: 'But that is a rule of practice, not of right; and, if a party appealing has not been prejudiced by violation of it, this court would not, upon that ground alone, reverse a judgment in other respects regular and proper.'"

Scherzinger v. Scherzinger, 280 Ky. 44, 132 S.W.2d 537 (1939) refers to Civil Code section 606, subsection 3 but does not discuss its application to the situation with which we are now confronted.

Daniel v. Powell, 304 Ky. 52, 199 S.W. 2d 715 (1947) was an equitable action involving the ownership of land. The defendant had taken the deposition of a witness before giving his own. Over objection of counsel for plaintiff the trial court filed and considered the deposition of the defendant. There were contentions that there had been an agreement between counsel, or that there had been a waiver as to the order of testifying.

In approving the action of the trial court we said:

"Under the circumstances we cannot hold that the court erred in failing to strike the deposition. We have held that notwithstanding a party takes a deposition prior to his testimony, the latter may be competent under certain circumstances. The provisions of the Civil Code of Practice, section 606, subd. 3, will not be enforced unless it affirmatively appears that by the irregularity the party complaining was prejudiced in substantial rights. Davis v. Kimberlain, 188 Ky. 147, 221 S.W. 226; Head's Adm'x v. Commonwealth, for Use and Benefit of Dawson, 254 Ky. 687, 72 S.W.2d 60."

Johnson v. Mutual Benefit Health & Accident Ass'n, 312 Ky. 776, 229 S.W.2d 758 (1950) was an action on an accident insurance policy issued to William E. Johnson and designating Madge Johnson, his wife, as beneficiary. The insurance company won below and Johnson appealed. He claimed it was error to allow a claim agent to testify for the insurance company "after the introduction of other evidence in chief." He relied on Civil Code section 606, subsection 3. We held that this Code section did not regulate the order of introduction of witnesses for a corporation.

In Edmonds v. Hensley, Ky., 240 S.W.2d 631 (1951) Edmonds and his wife sued Hensley alleging that he negligently killed their cow. Mrs. Edmonds and another witness for the plaintiffs had testified. Mr. Edmonds was introduced as a witness but was denied the right to testify. There was no avowal as to what his testimony would have been, however, the court said "* * * but from the bill of exceptions it may be assumed that it went to values rather than the matter of alleged negligence. Mrs. Edmonds had testified fully as to values and there appears to be no dispute on these points. Technically, the court in refusing to allow Mr. Edmonds to testify after a witness, other than his wife, had testified, had in mind subsection 3 of section 606 of the Civil Code. The allowance or refusal of a party to testify after other witnesses have been used in the party's behalf is a matter in the discretion of the court." We held there was no prejudice.

Straney v. Smith, Ky., 255 S.W.2d 653 (1953) was a suit by Ruby J. Straney against Mrs. Betty Smith and her son, Sam-

uel S. Smith, for damages for breach of contract to buy the furnishings of a rooming house. Defendants won. We quote from the opinion:

"After Mrs. Betty Smith had testified, Mrs. Samuel Smith was introduced as a witness. She testified to what she had heard transpire at Mrs. Straney's house. Samuel Smith was next called to the stand and the plaintiff objected to his testifying because he had not been introduced before his wife, who was not a party to the suit. Sec. 606, subsection 3, Civil Code of Practice. Though the proceeding was irregular, we think it was within the discretion of the court to let Mr. Smith testify. There was certainly no prejudicial error in this. Edmonds v. Hensley, Ky., 240 S.W.2d 631."

To the same effect is Parrish v. Claxon Truck Lines, Ky., 286 S.W.2d 508 (1956). There a principal stockholder was permitted to testify at a hearing before the Department of Motor Transportation after other witnesses had been introduced. Johnson v. Mutual Benefit Health & Accident Ass'n, 312 Ky. 776, 229 S.W.2d 758 (1950) was cited with approval and then follows this language: "In any event, the witness Dorsey (principal stockholder) testified concerning the financial detriment that resulted to Claxon because of the action of Parrish in changing a rate less than the listed tariff. We find it in no way prejudicial because it seems to be a matter of common knowledge * * *".

It appears to us that the rule stated in Edmonds v. Hensley, supra, which had been adhered to for many years should not be altered. Discretion is granted to the trial court in regulating the order or proof. CR 43.02. In the absence of prejudice to the substantial rights of a complaining party the discretion exercised will not be the basis for reversal.

Now we must determine whether the trial court abused its discretion in refusing to permit Mrs. Brown to testify. In the light of the decisions we referred to and the rules stated we cannot hold that the court erred in its ruling unless substantial rights were prejudiced.

We noted above that there was no avowal made by Mrs. Brown. Her counsel refers to a deposition which was taken by counsel for Smiley for the purpose of discovery (CR 26.01) and he claims it shows that Mrs. Brown's rights were prejudiced. The deposition was filed in the clerk's office but it was never introduced in evidence or referred to in the trial of the case and it was not offered as an avowal. Furthermore, the contents of the record were specifically designated on this appeal pursuant to CR 75.01. The deposition was not included, consequently, for that additional reason it is not before us on this appeal even though it was transmitted by the clerk along with the designated record. We cannot consider it. American Oil Co. v. Brooks, Ky., 424 S.W.2d 831 (1968). Also see Morton v. Allen Construction Co., Ky., 416 S.W.2d 733 (1967). With nothing before us to establish prejudicial error we must hold that this argument is without merit.

Appellant's other claim of error is that the trial court failed to instruct the jury that it was the duty of Smiley to sound a horn before driving his automobile across the sidewalk. She argues that her counsel submitted an instruction embracing this duty. CR 51. The instructions which the appellant claims were offered on her behalf were not included in the record on this appeal. That record reveals no objection made on behalf of the appellant to the instructions which the court gave. The trial order said that the appellee objected to certain instructions but it does not indicate any objections were made for the appellant. There is nothing before us to support the argument that the instructions were erroneous, therefore, we cannot sustain this claim. Bays v. Cox' Adm'r, 312 Ky. 827,

229 S.W.2d 737 (1950); Sparks et al. v. Doss, Ky., 253 S.W.2d 245 (1952).

The judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN, MONTGOMERY, PALMORE and OSBORNE, JJ., concur.