**BOARD OF TRUSTEES OF the UNIVERSITY OF KENTUCKY et al., Appellants,**

v.

**PUBLIC EMPLOYEES COUNCIL NO. 51 AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, etc., et al., Appellees.**

**Nancy SPILLER et al., Appellants,**

v.

**PUBLIC EMPLOYEES COUNCIL NO. 51 AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, etc., et al., Appellees.**

Supreme Court of Kentucky.

May 23, 1978.

John P. Sandidge, Woodward, Hobson & Fulton, Louisville, John C. Darsie, Jr., Sp. Counsel, Lexington, for appellants Bd. of Trustees of the University of Kentucky.

John W. Morgan, Lexington, for appellants Nancy Spiller et al.

Herbert L. Segal, Walter Lapp Sales, Segal, Isenberg, Sales, Stewart & Nutt, Louisville, for appellees.

STEPHENSON, Justice.

The Board of Trustees of the University of Kentucky instituted an action for declaratory judgment, KRS 418.040 et seq. The subject of the action concerned the duties and powers of the Board with respect to collective bargaining with the nonacademic employees of the University.

The trial court in answer to the questions presented adjudged:

"1. The non-academic employees of the University of Kentucky at the Lexington campus have the right to join a national labor union, and to organize

themselves to carry out their collective wishes, including notifying the Board of Trustees of the University of Kentucky of their positions concerning conditions of employment.

"2. The Board of Trustees of the University of Kentucky, or its designated agents or representatives, have the power to meet with employee representatives for the purpose of discussing wages, hours and other working conditions of the non-academic employees of the University of Kentucky at the Lexington campus.

"3. The Board of Trustees of the University of Kentucky has the power to recognize a bargaining agent specifically authorized by a group of non-academic employees of the University of Kentucky to represent them on matters pertaining to their employment, and the Board of Trustees has the power to negotiate with any such bargaining agent concerning the terms and conditions of employment of such employees.

"4. The Board of Trustees of the University of Kentucky has the authority to enter into collective agreements with such bargaining agents specifically authorized to represent any group of non-academic employees of the University of Kentucky regarding the wages, hours and working conditions of such employees, so long as such collective agreements are not in conflict with any of the statutes governing the administration of the University of Kentucky.

"5. The Board of Trustees of the University of Kentucky has no legal enforceable duty to recognize, negotiate or bargain with any group of non-academic employees of the University of Kentucky at the Lexington campus, or any bargaining agent specifically authorized by such a group of employees to represent them regarding wages, hours and working conditions of such employees.

"6. The Board of Trustees of the University of Kentucky has the authority to recognize, negotiate and bargain with the duly authorized bargaining agent of a group of non-academic employees of the University of Kentucky at the Lexington campus and to decline to recognize, negotiate and bargain with other non-academic employees or their duly authorized bargaining agent. The Board of Trustees of the University of Kentucky does not have the power to enter into a lawful and binding agreement with a duly authorized bargaining agent of a group of non-academic employees which would prohibit the Board of Trustees of the University of Kentucky from recognizing, meeting, bargaining, or contracting with other non-academic employees or their duly authorized bargaining agents.

"7. No group of non-academic employees of the University of Kentucky at the Lexington campus has the right to strike or otherwise engage in other concerted forms of work stoppage for collective bargaining purposes.

"8. The plaintiff shall notify each of its non-academic employees at the Lexington campus of the entry of this judgment, and the plaintiff shall either give each such non-academic employee a copy of this opinion and judgment or make such copy available to the employee at convenient time and place.

"9. This is a final judgment, and to the extent the pleadings of the parties ask for any additional relief, such pleadings are deemed dismissed.

"10. The court costs shall be taxed by the Clerk against the plaintiff."

The Board of Trustees of the University of Kentucky is a body corporate existing by virtue of KRS 164.100 et seq. and is charged with the responsibility of operating and maintaining the University of Kentucky. The Board of Trustees is an independent agency and an instrumentality of the Commonwealth of Kentucky with exclusive jurisdiction, power over and control of appointments and removals, qualifications, salary and compensation, as well as promotions, regulations and retirement benefits of all employees of the University of Kentucky. The nonacademic employees are public employees.

An international representative of the Public Employees Council No. 51, American Federation of State, County and Municipal Employees, AFL–CIO informed the Board of Trustees that the Union had been contacting University of Kentucky employees with regard to organizing a union. The Board of Trustees was further informed that as a result of the organizing effort a substantial number of nonacademic employees had signed cards designating the Union as their bargaining representative in all matters pertaining to their employment. The Union requested a meeting to discuss a procedure for recognition. The director of personnel of the University of Kentucky met with the representative of the Union. At the meeting, the positions of the parties were discussed with particular reference to the duties and powers of the University in this situation. Subsequently, the Board of Trustees filed a declaratory judgment action posing questions as to the duties and powers of the Board of Trustees, with regard to recognizing and bargaining with a union, resulting in adjudication by the trial court on certain of the questions presented. The trial court declined to consider the request for certain guidelines asked for by the Board of Trustees.

The Board of Trustees appeals from paragraphs one, two, three, four, six, eight, nine and ten of the judgment.

The defendants Nancy Spiller, Ruby Land, James Evans, Sylvia Hardin, and Earl J. Hilton, nonacademic employees of the University who do not wish to be represented by a union as bargaining agent, appeal from paragraph six of the judgment.

The defendant Union and the defendant nonacademic employees who wish to be represented by the Union as bargaining agent attempted to cross-appeal from paragraph five, a portion of paragraph six and paragraph seven of the judgment. The motion to docket the cross-appeal was denied on procedural grounds.

Paragraph five of the judgment held that the Board of Trustees has no legal duty to recognize, negotiate or bargain with any group of nonacademic employees or any bargaining agent authorized by such group of employees to represent them. Paragraph seven of the judgment held that no group of nonacademic employees has the right to strike or otherwise engage in other concerted forms of work stoppage for collective bargaining purposes. Although the Union et al. failed to properly present these issues on appeal, we feel that these issues represent the fundamental background of the other issues on appeal and should be addressed briefly.

Under the common law, it is well settled that public employees do not have the right to strike or to engage in concerted work stoppages. The right to strike on the part of public employees is not protected by either the Federal or the Kentucky Constitution, nor has the legislature granted such right to public employees. *Jefferson County Teachers Association v. Board of Education of Jefferson County*, Ky., 463 S.W.2d 627 (1971). There the teachers' association asserted that the legislature had recognized the right to strike in KRS 336.130.[1] This assertion was answered in a review of the background of the "collective bargaining statute":

"In 1940 the legislature enacted the Hunnicutt Act as Chapter 105 of the Acts of the General Assembly. This Act related to employer-employee relations, and recognized the right to collectively bargain, strike picket, etc. Article V of this Chapter provided specifically that there

1. Employees may organize, bargain collectively, strike, picket—Conduct prohibited.—(1) Employes may, free from restraint or coercion by the employers or their agents, associate collectively for self-organization and designate collectively representatives of their own choosing to negotiate the terms and conditions of their employment to effectively promote their own rights and general welfare. Employes, collectively and individually, may strike, engage in peaceful picketing, and assemble collectively for peaceful purposes. (2) Neither employers or their agents nor employes of associations, organizations or groups of employes shall engage or be permitted to engage in unfair or illegal acts or practices or resort to violence, intimidation, threats or coercion. [KRS 336.130]

were exempted from all of the provisions of the Act ' * * * employees of the United States, the State and any and all political subdivisions or agencies thereof.' In Baldwin's February 1941 Supplement to Carroll's Kentucky Statutes this Act was incorporated as Chapter 42bb. The exemption provision (Article V) appears as section 1599c–39.

"In 1942 the statutes were completely revised as the Kentucky Revised Statutes. In the revised statute, Carroll's Chapter 46bb was incorporated in KRS Chapters 336, 337 and 338. What had been Carroll's section 1599c–39 (Article V) was compiled in KRS 336.050, 337.010 and 338.010. The exemption provision was incorporated in KRS 337.010(2), for Chapter 337, relating to 'Wages and Hours', and in KRS 338.010(3), for Chapter 338, relating to 'Safety and Health of Employes', but was not included in KRS 336.050, nor in any section of Chapter 336.

"The original Act pertaining to employer-employee relations clearly and expressly excluded public employees from the granted right to strike. The apparently inadvertent omission of this exclusion in Chapter 336 when the statutes were revised cannot be held to have changed the legislative policy and the law. Therefore, appellants cannot properly claim the legislature has granted them such right, and their principal contention must fall."

■ By the same reasoning, the Board of Trustees has no duty to recognize, negotiate or bargain with a union, other authorized bargaining agent, or with individual employees. *Jefferson County Teachers Association* clearly excludes public employees from the provisions of KRS 336.130; consequently, there is no duty placed by the legislature on the Board of Trustees to recognize, negotiate or bargain with the group of nonacademic employees here.

■ This exclusion from the provisions of KRS 336.130 cannot be applied with respect to paragraph one of the judgment which holds that the nonacademic employees have a right to join a national labor union and to organize themselves to carry out their collective wishes. We are of the view that this right emanates from the rights of freedom of expression and association guaranteed by the Constitution of Kentucky and the United States Constitution, and the Board may not, without showing a paramount public interest, lawfully prohibit its nonacademic employees from membership in a union. Cf. *Keyishian v. Board of Regents*, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967). The Board of Trustees is under no duty to recognize or negotiate with the Union or any representative of the nonacademic employees. It does not follow that this denies the nonacademic employees the right to join a labor union or to form their own association. The authorities relied upon by the Board of Trustees are inapposite.

Paragraphs two, three, four and six of the judgment deal with the authority of the Board of Trustees to meet with, recognize and negotiate with employee representatives for the purpose of discussing wages, hours or working conditions if the Board of Trustees *chooses* to do so.

We are advised on oral argument that the Board of Trustees does not wish to recognize the Union or to engage in negotiations or to bargain with the Union. Thus, in our view, it would have been preferable to leave these issues to the future. In discussing these issues, we are delving into theoretical questions in areas where all the implications are not readily discernible. In dealing with these issues we treat them as broad, general propositions.

The authority of the Board of Trustees regarding its public employees is stated in KRS 164.220, KRS 164.225 and KRS 164.-230. These statutes confer upon the Board express authority to determine compensation, hiring, qualifications, suspension or termination, retirement ages and benefits, and promotion of all its employees.

■ We are of the opinion as to paragraphs two and three of the judgment that the Board has the implied authority to perform acts which are incidental and collateral to its express authority. Thus, the Board

has the authority to meet with representatives of a group of nonacademic employees, including a union representative, to discuss wages, hours and working conditions for those nonacademic employees authorizing such representation. Negotiating with two or more employees, or their chosen representative, cannot logically be held to exceed the implied authority of the Board. The Board has no duty to do so, but it may do so if it so desires. Recognition of a bargaining agent, as used here, simply means the act of agreeing to enter into discussion with such agent.

 As to paragraphs four and six of the judgment, it is our view that the Board is authorized to contractually commit itself to a specified wage scale, employee retirement plan, work schedule or other authorized condition of employment with an individual employee or with authorized representatives of groups of employees, including a Union representative authorized to represent a group of employees insofar as *permitted by statute.* There being no duty on the part of the Board to discuss or negotiate with any employee or representative of a group of employees and the Board having exclusive jurisdiction by statute to control appointments, removals, qualifications, salary and compensation, as well as promotions, regulations and retirement benefits of all the employees of the University, it follows that the Board does not have the power to enter into an agreement with the authorized representative of one group of employees which would prohibit it from negotiating or contracting with an authorized representative of any other group of employees. Thus, in our view the Board does not have the authority to enter into an agreement recognizing a union designated as bargaining agent by a majority of the nonacademic employees as the exclusive representative of all employees. Appellees argue that the principle of exclusivity is not prohibited by statute and is a necessary concomitant to any effective bargaining relationship. This principle may have validity as it applies to bargaining relationships in private industry, but it has no application to the public employees of the University. We are of the opinion that application of the principle to the nonacademic employees of the University would be a clear violation of the statute imposing *exclusive* jurisdiction, power and control in the Board with regard to all aspects of employment.

The power, authority and duties of the Board are derived from the statutes enacted by the General Assembly pertaining to the Board, and we decline to go beyond broad, general principles in discussing the authority of the Board to do that which it desires to do and is not compelled to do by law.

As to paragraphs eight, nine and ten of the judgment, we are advised that notice of entry of judgment in compliance with paragraph eight has already been given to the nonacademic employees, so paragraph eight is no longer an issue.

 The Board requested the trial court to go into detail as to appropriate bargaining units, methods of election, etc., should the Board desire to recognize the Union. The trial court wisely declined to get into this theoretical quagmire; also, in our view, the trial court did not commit error in taxing costs against the Board.

The judgment is affirmed.

All concur.

JONES, J., files a separate concurring opinion.

JONES, Justice, concurring.

I concur in the result of the majority opinion which holds that the Board of Trustees has no duty to recognize, negotiate or bargain with a union, authorized bargaining agent, or with individual employees. There is no duty imposed by the Legislature on the Board of Trustees to recognize, negotiate or bargain with a group of nonacademic employees.

The authority of the Board of Trustees regarding its public employees is defined in KRS 164.220, KRS 164.225, and KRS 164.-230.

In my view the Board of Trustees of the University of Kentucky has the authority and the duty to meet with representatives of a group of nonacademic employees, to discuss wages, hours, and working condi-

tions for such employees. However, it is under no duty to meet with a union bargaining agent, nor does it have authority to agree to the recognition of a bargaining agent, even if it so desires.

In my opinion, no actual controversy existed so that the Board could seek or obtain a declaration of rights in this matter. See KRS 418.040.

It is not the purpose of the Declaratory Judgment Act to impose on courts the burden of answering abstract and speculative propositions of law simply to satisfy the curiosity or fears of parties about possible controversies that may or may not arise. Since relief by way of declaratory judgment is conditioned on the existence of an actual controversy, it is not incumbent on the courts to decide questions that not only may never arise, but under the facts of this case, could not have arisen.

For the reasons stated, I am of the view that this cause should be remanded to the trial court with directions to dismiss the complaint.