**FAYETTE COUNTY EDUCATION ASSOCIATION, Appellant,**

v.

**Julia HARDY; Harry M. Miller; Professional Educators of Fayette County, an Incorporated Association, Mildred McMurty and Barbara Abshire, Individually, and as Members of Professional Educators of Fayette County; Independent Educators Association of Fayette County, an Unincorporated Association; Maxine Littrell and Jane Anderson, Individually and as Members of Independent Educators Association of Fayette County; and Bruce Coleman; and Board of Education of Fayette County Kentucky; James Broadus, Judy Tipton, Alvin Seals, James L. Barlow, and Donald Herrin, as Members of the Board of Education of Fayette County, Kentucky, Appellees.**

**and**

**Julia HARDY; Harry M. Miller; Professional Educators of Fayette County, an Incorporated Association, Mildred McMurtry and Barbara Abshire, Individually, and as Members of Professional Educators of Fayette County, Independent Educators Association of Fayette County, an Unincorporated Association, Maxine Littrell and Jane Anderson, Individually and as Members of Independent Educators of Fayette County, and Bruce Coleman, Cross-Appellants,**

v.

**FAYETTE COUNTY EDUCATION ASSOCIATION; Board of Education of Fayette County; James Broadus, Judy Tipton, Alvin Seals, James Barlow, Donald Herrin, as members of the Board of Education of Fayette County, Cross-Appellees.**

Court of Appeals of Kentucky.

Opinion Rendered Feb. 1, 1980.

Ordered Published Nov. 14, 1980.

Arthur L. Brooks, Brooks & Sullivan, Lexington, John Frith Stewart, Kenneth L. Sales, Dennis Franklin Janes, Louisville, for appellant and cross-appellees.

Robin Griffin, Miller, Griffin & Marks, William E. Sloan, David G. Vest, Lexington, for appellees and cross-appellants.

Before REYNOLDS, HOGGE and WIL-HOIT, JJ.

HOGGE, Judge.

In this proceeding, the Fayette County Education Association (F. C. E. A.) appeals from a judgment of Fayette Circuit Court voiding a collective bargaining agreement reached between F. C. E. A. and the Board of Education of Fayette County. Appellant F. C. E. A. raises numerous arguments, among them that the Board did not negotiate with F. C. E. A. as the exclusive bargaining representative of all the teachers, and that this proceeding should have been barred on grounds of res judicata or estoppel.

There has also been a cross-appeal by the appellees, who include teachers, teacher organizations, taxpayers, and parents. They appeal from certain sections of the opinion including the determination that the Board could properly enter into collective bargaining negotiations with a representative of an employee group, and permit payroll deduction for organization dues. They also contend the court erred in holding there has been no violation of the open meetings law in negotiations for the agreement.

Prior to the incidents which initiated this litigation, the Board of Education of Fayette County decided to bargain collectively with Fayette County teachers if a poll of the teachers indicated that they wanted collective bargaining. The poll also invited teachers to indicate by whom they wished to be represented in collective bargaining. F. C. E. A. was the only teacher organization who, at the time of the poll, expressed interest in offering to represent the teachers of Fayette County in collective bargaining by appearing on the ballot. Results of the poll showed that the majority of teachers favored collective bargaining and that a majority desired F. C. E. A. as their bargaining agent.

The negotiation proceedings which followed are aptly described in the opinion of the Fayette Circuit Court:

The collective bargaining process was a long one which began in February, 1977 with the adoption by the Board of the resolution providing for the poll and ending in the latter part of October when the Board ratified the contract and adopted pertinent parts of it as Board policy applicable to all teachers. There were some twenty-one negotiating sessions between

the Board and FCEA. These sessions lasted three to four hours.

The plaintiff, Professional Educators of Fayette County (hereinafter "PEFCO"), is an organization whose membership is composed of approximately two hundred Fayette County school teachers. This group had consistently opposed the adoption, by the Board, of any form of collective bargaining for teachers. During the period of negotiation PEFCO requested that the Board enter into a "meet and confer" arrangement with its membership. One of the conditions was that any contract entered into between the Board and FCEA be submitted to the PEFCO membership so that each of them might individually ratify same.

In late September 1970, the Board received a request from the plaintiff, Independent Educators Association of Fayette County (hereinafter "IEA"), that the Board negotiate with it. They proposed bargaining guidelines that were almost identical to those bargaining guidelines adopted between the Board and the FCEA. On October 6, 1977, the request of IEA was denied by the Board.

The plaintiff, Julia Hardy, is a taxpayer, the parent of a school child and a member of an organization called POS (Preserve Our Schools). Mrs. Hardy attended various public meetings of the Board and participated in the discussions. Her complaint is that she was not permitted to participate in negotiations.

At a meeting of the Board held on June 23, 1977, collective bargaining guidelines were adopted. These guidelines provided that:

> Bargaining will be conducted only by members of the Fayette County Board of Education, or counsel which it may choose, and teacher members of the Fayette County Education Association, or counsel which it may choose.
>
> Negotiating sessions shall be open to public witness as fully as possible. If ratified by the Board and the Fayette County Education Association, the contract shall be adopted as policy for all teachers in the Fayette County Public Schools.

These guidelines were formally approved on July 19, 1977, having been initialed by Martha Moore, negotiator on behalf of the FCEA, and Dr. Broadus, on behalf of the Board of Education.

The guidelines further provided that after agreement by the Board and FCEA, as to the general areas that the contract would cover, the Board would schedule a special meeting for public discussion and for the receipt of proposals from other employees and the public; that after an initial negotiating meeting with FCEA, the FCEA would deliver to the Board its entire contract proposals and after receiving these proposals, the Board would then hold a meeting with other teacher organizations, individual teachers and the general public "to hear comments, suggestions and input from such other teacher organizations, individual teachers and the public so as to negotiate with these groups and individuals . . . ."

At a meeting of the Board held on October 24, 1977, the tentative contract was ratified by the Board and this contract was adopted as Board policy applicable to all teachers.

The first issue which we will take up is whether this proceeding should have been barred on grounds of res judicata in view of the decision of the Fayette Circuit Court in *Chittenden v. Board of Education of Fayette County. Chittenden* is described as a judgment ruling that teachers have the right to bargain collectively and that the Board of Education may, if it chooses, recognize teacher representatives, but cannot recognize any group as an exclusive bargaining representative.

■ In order for this Court to determine whether the principles of res judicata or collateral estoppel are applicable, it is necessary to be cognizant of the parties and the issues involved in *Chittenden. Newman v. Newman,* Ky., 451 S.W.2d 417 (1970); *Moore v. Gas and Electric Shop,* 216 Ky. 530, 287 S.W. 979, 980 (1926); *Ward v. Southern Bell Tel. & Tel. Co.,* Ky., 436

S.W.2d 794 (1968). The complaint and judgment, but not the complete record, in the *Chittenden* case is included in the record before us. Thus we do not have the means to determine the issue of whether the circuit court allowed that action to be pursued as a class action involving the same parties as in this case. Under such circumstances, the question presented is not available for review. *Scott v. McLean County Board of Education*, Ky., 357 S.W.2d 312 (1962); *Brown v. Smiley*, Ky., 428 S.W.2d 217 (1968).

We now turn to the law on collective bargaining by employees in public education. While public employees do not have the right to strike, *Jefferson County Teachers Ass'n v. Board of Education of Jefferson County*, Ky., 463 S.W.2d 627 (1970) cert. den. 404 U.S. 865, 92 S.Ct. 75, 30 L.Ed.2d 109, a public agency may elect to negotiate with a representative of its employees, although it has no duty to do so. *Board of Trustees of University of Kentucky v. Public Emp. Council No. 51 American Federation of State, County and Municipal Employees, AFL–CIO*, Ky., 571 S.W.2d 616 (1978). In *Board of Trustees* it was held that the Board did not have authority to enter into an agreement recognizing one organization designated as bargaining agent by one group of employees as the exclusive representative of all employees. Although *Board of Trustees* was a case involving a public university, we believe the same principles apply in public school cases. The decision in *Board of Trustees* was based on the fact that the statutes gave the Board exclusive jurisdiction to control such employment matters as compensation, appointments, suspension and termination. KRS 164.220, KRS 164.225 and KRS 164.230. Under such statutes as KRS 161.750, KRS 161.760, KRS 161.765 and KRS 161.790, school boards are given the authority to make the decisions on salaries, termination, non-renewal of contracts and demotion. We hold that the Board of Education of Fayette County could not designate any individual or group representing a group of employees as exclusive representative for all employees.

The next issue to be decided is whether the agreement between the Board of Education of Fayette County and F. C. E. A. had the effect of designating F. C. E. A. as an exclusive representative of the school system's employees. In order to do this, we must look at the wording of the agreement. In order for the terms of the agreement to take effect, it was to be ratified by the Board and by the Association. Other teachers or teacher groups were not given the opportunity to ratify or reject. Yet, the contract reads that the ratified agreement "shall be adopted as policy for *all* teachers in the Fayette County Public Schools (Emphasis added)."

Although appellant contended at the oral argument of the case that F. C. E. A. was not to be exclusive bargaining agent, and that the mandatory word "shall" actually was intended to mean "may". By all rules of construction and interpretation with which we are familiar we are required to give the words of the agreement their ordinary meaning. "Shall" does not mean "may" but is mandatory. *Woods v. Commonwealth*, Ky., 305 S.W.2d 935 (1957); *O'Bryan v. Massey-Ferguson*, Ky., 413 S.W.2d 891 (1966). We are of the opinion that this language made the Fayette County Education Association the exclusive bargaining representative for all teachers whether members of the association or not. In view of that conclusion, we hold that the Fayette Circuit Court properly held that the agreement was void.

Because of our determination on the issue of exclusive representation, we do not find it necessary to reach other issues in the case.

The judgment of the Fayette Circuit Court is affirmed on the appeal and cross-appeal.

REYNOLDS, J., concurs.

WILHOIT, J., dissents.

WILHOIT, Judge, dissenting.

I respectfully dissent from the majority opinion because I believe that this appeal

should have been dismissed as moot. The contract in question terminated by its terms on the "first scheduled work day for all teachers for the 1978–1979 school year." No claim has been made by any party of a denial of any right secured under the contract during the period of its effectiveness. Since the contract by its terms is no longer effective and all rights which could be claimed under it have expired, our decision can have no practical legal effect on the parties. "It is the universal rule that courts will not consume their time in deciding abstract propositions of law or moot cases and have no jurisdiction to do so." *Hudspeth v. Commonwealth*, 204 Ky. 606, 265 S.W. 18, 18 (1924) (emphasis added); *see also Kentucky West Virginia Gas Co. v. Oil Chemical and Atomic Workers International Union, Local No. 3–510*, 549 F.2d 407 (6th Cir. 1977). If some cases can be more moot than others, then this case is in the more moot category since the present school board has strongly indicated that it has no intention of entering into a contract such as that involved here.

Appeals are simply not allowed "for the purpose of settling academic or moot questions however interesting or desirable such disposition may be." *Civil Service Commission v. Tankersley*, Ky., 330 S.W.2d 392, 393 (1952).

By taking positions on appeal opposite from those taken by them at trial, the parties have managed to induce this Court to give them an advisory opinion on the question of whether a school board may recognize an exclusive bargaining agent. While I would agree with the majority that *Board of Trustees of the University of Kentucky v. Public Employees Council No. 51 American Federation of State, County and Municipal Employees, AFL–CIO*, Ky. 571 S.W.2d 616 (1978) would seem to be dispositive of this question, I would have serious questions about the majority's abandonment of the long-standing principle that where the parties cannot agree as to what they intended and a contract is susceptible to different interpretations that which renders it enforceable will prevail.