Cherri BECKHART, Melinda Diemer, Melissa Shina, and Kelli Thomas, on behalf of Themselves and All Others Similarly Situated, Appellant

v.

JEFFERSON COUNTY BOARD OF EDUCATION, Donna M. Hargens, in her official capacity, as Superintendent of Jefferson County Public Schools and/or of Jefferson County Board of Education, and Jefferson County Association of Educational Support Personnel/American Federation of State, County and Municipal Employees Local 4011, Appellee

NO. 2014–CA–000530–MR

Court of Appeals of Kentucky.

RENDERED: JUNE 5, 2015; 10:00 A.M.

Discretionary Review Denied by Supreme Court April 27, 2016

Brief for Appellee Jefferson County Association of Educational Support, Personnel American Federation of State, County and Municipal Employees Local 4011: David O'Brien Suetholz, Louisville, Kentucky, John M. West, Caitlin Kekacs, Washington, DC

Brief for Appellants Cherri Beckhart, Melinda Diemer, Melissa Shina, and Kelli Thomas: Richard L. Masters, Milton Chappell, Sarah Hartsfield, Louisville, Kentucky

Brief for Appellee Jefferson County Board of Education and Donna Hargens, as Superintendent of Jefferson County Public Schools and/or of Jefferson County Board of Education: Jean W. Bird, Christopher Tyson, Gorman Louisville, Kentucky

BEFORE: COMBS, JONES, AND MAZE, JUDGES.

## OPINION

COMBS, JUDGE:

This case involves several agreements entered into by the Jefferson County Board of Education following a collective bargaining process. Sherri Beckhart, Melinda Diemer, Melissa Shina, and Kelli Thomas for themselves—and on behalf of a proposed class of those similarly situated—appeal from an opinion and order of the Jefferson Circuit Court dismissing their action for declaratory and injunctive relief filed against the Jefferson County Board of Education; Donna Hargens, in her official capacity as Superintendent of Jefferson County Public Schools; and Jefferson County Association of Educational Support Personnel/American Federation of State, County, and Municipal Employees, Local 4011 ("the Union"). Bechart, Diemer, Shina, and Thomas, who are non-teaching employees of the Jefferson County Public Schools in positions classified as "Job Family 1A," argue that the trial court erred by dismissing their lawsuit because they contend that the Board of Education lacked authority to enter into a series of collective bargaining agreements essentially making the Union the "exclusive bargaining representative" of all Job Family 1A employees. After our review, we affirm.

Bechart, Diemer, Shina, and Thomas (who identified themselves in these proceedings as Non-union Employees) filed a complaint against the Board of Education, its superintendent, and the Union on October 28, 2013. Attached to their complaint were affidavits indicating that although none of them had elected to become members of the Union, each nonetheless had been required to pay a "fair share" fee through an automatic deduction from their wages since January 2010. The "fair share" fee had been collected from all employees who had declined union member-

ship but who were nevertheless included in a collective bargaining unit. The fees were collected in lieu of union dues. According to the terms of the challenged collective bargaining agreements, the fees were equal to that portion of the dues that the union was entitled to be paid under applicable federal and state law for representing the interests of non-member employees in matters of collective bargaining, grievance resolution, and contract administration. The Non-union Employees also sought to assert claims on behalf of a putative class of similarly situated non-member employees.

On December 9, 2013, Superintendent Hargens and the Board of Education filed a motion to dismiss the action in its entirety. The Union filed a similar motion on December 10, 2013. The defendants relied on the decision of the Supreme Court of Kentucky in *Housing Auth. of Louisville v. Service Employees Int'l Union, Local 557*, 885 S.W.2d 692 (Ky.1994). Based on that case, they argued that where a union is the "official representative" of a bargaining unit of employees, a public employer has the authority to enter into a collective bargaining agreement in which the employer agrees to withhold union dues from union members or a "fair share" fee from employees who are not union members but who are *eligible* for representation by the union. The Union and the Board of Education contended that the "fair share" provisions of the challenged collective bargaining agreements were specifically authorized by federal and state law.

In response to the motions to dismiss, the Non-union Employees argued that the single issue before the court concerned the scope of the authority of the Board of Education: (1) to designate the Union as the *exclusive* bargaining representative for all Job Family 1A classified employees and then (2) to enter into binding agreements with the Union setting the terms and conditions of employment for all such classified employees—including those who had not designated the Union as their bargaining representative. The Non-union Employees explained that their claim was based upon the holding of the Supreme Court of Kentucky in *Board of Trustees of the University of Kentucky v. Public Employee Council No. 51, American Federation of State, County and Municipal Employees, AFL–CIO*, 571 S.W.2d 616 (Ky. 1978), and the holding of the Kentucky Court of Appeals in *Fayette County Ed. Ass'n v. Hardy*, 626 S.W.2d 217 (Ky.App. 1980). However, recognizing the precedent of *Housing Auth. of Louisville v. Service Employees International Union, Local 557*, 885 S.W.2d 692 (Ky.1994), they conceded that if the Board of Education had authority to designate the Union as the bargaining representative for all of its employees, then the "fair share" fee collected through an automatic deduction from their wages was also valid.

In an opinion and order entered on March 4, 2014, the Jefferson Circuit Court determined that the central issue was one of law: whether the Board of Education may enter into a collective bargaining agreement that applies to all members of the represented unit, including those who are not union members. The circuit court observed that because there had been no competition among multiple unions for the right to negotiate for certain discrete groups of employees, the Board of Education did not exceed its authority to enter into an agreement that designated the Union as the "official bargaining representative." This appeal followed.

 In determining our standard of review, we note that the Board of Education and the Union filed motions pursuant to the provisions of Kentucky Rule[s]

of Civil Procedure (CR) 12.02(f). This rule authorizes judgment in favor of a defendant on the basis of the plaintiff's "failure to state a claim upon which relief can be granted." When a defendant invokes this rule, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." Since the trial court did not rely on matters outside the pleadings, we must presume that the motions to dismiss were not eligible to be treated as motions for summary judgment. Consequently, our analysis on appeal will be undertaken pursuant to the standard set forth in CR 12.02(f) requiring a *de novo* review. We must affirm the trial court's granting of a motion to dismiss if the plaintiffs do not appear "to be entitled to relief under any set of facts which could be proven in support of [their] claim." *Morgan v. Bird,* 289 S.W.3d 222, 226 (Ky. App.2009). In making that determination, we must construe the pleadings in a light most favorable to the plaintiffs opposing the motion. Thus, the issue is purely a matter of law.

The National Labor Relations Act leaves regulation of the labor relations of state and local governments to the states. 29 U.S.C. § 152(2). In *Board of Trustees of the University of Kentucky, supra,* the Supreme Court of Kentucky observed that *public* employees do not have a constitutional right to strike or to engage in concerted work stoppages. The Court explained that public employees ordinarily have the right to join a labor union and to organize themselves to effectuate their collective wishes, but a public university is under no obligation to recognize or to negotiate with a representative of its employees. *Id.* However a state university may *choose* to do so and is permitted to commit contractually to a specified wage scale, employee retirement plan, work schedule, or other authorized condition of employment. *Id.* Although that the issue was not before it, the Court in *Board of Trustees of the University of Kentucky* observed that as a "broad, general proposition[ ]," a public university may not "enter into an agreement with the authorized representative of one group of employees which would prohibit it from negotiating or contracting with an authorized representative of any other groups of employees." *Id.* at 621. This policy is based on the duty of the board of trustees of a public university to retain its statutory jurisdiction, power, and control with regard to the myriad aspects of employment. *Id.* These principles were expanded and applied to local boards of education in *Fayette Co. Ed. Ass'n v. Hardy,* 626 S.W.2d 217 (Ky.App.1980).

In their complaint, the Non-union Employees identified five contract provisions included in a series of collective bargaining agreements between the Board of Education and the Union in support of their contention that the agreements are void. First, the agreements recognize the Union as the "official" representative of all Job Family 1A classified employees (except for those holding positions designated by the Superintendent as confidential/essential). Second, the agreements provide that they apply to all employees eligible for representation by the Union. Third, the Non-union Employees also objected to a provision that requires former understandings and contrary policies, rules, regulations, and practices of the employer to be superseded by the terms of the parties' most current agreement. Fourth, the Non-union Employees referred to the "fair share" fee provisions requiring a payroll deduction from every employee in the collective bargaining unit—including those who did not affirmatively authorize their representation by the Union. Finally, the Non-union Employees referred to provisions

obligating the Union to represent all employees in the "representation unit." With respect to those provisions, their complaint essentially alleged that they were entitled to an individual opportunity to negotiate, ratify, and/or reject the agreements. On appeal, they reject the trial court's observation that competition between or among representatives is a legitimate consideration in determining whether "exclusive" representation status has been conferred upon the Union.

■ The Non-union Employees are correct in observing that union membership may not be forced upon them; they are free to choose not to join a union. *See Housing Auth. of Louisville, supra.* However, where a public employer decides to engage in negotiations with a union, the union becomes the official bargaining representative for all employees of the representation unit—not just those who are members of the union. *Id.* Employees who are not members of the union do not have to pay union dues, but they may be required by contract to pay a service fee for the benefits of: representation, a grievance procedure, and contract administration. These are all benefits which they receive through a *de facto* representation by the union—notwithstanding their unwillingness to become union members. *Id.*

■ Despite the contention of the Non-union Employees, our courts have never held that *individual* employees of a bargaining unit must be given an opportunity to negotiate, ratify, and/or reject collective bargaining agreements. Instead, where a public school employer *chooses* to recognize and to negotiate with a representative of a group of its employees, it can commit to conditions of employment that govern *all the members* of the bargaining unit— regardless of individual union membership. Significantly, the Non-union Employees did not allege in their complaint that they

ever proposed to negotiate the terms or conditions of their employment either individually or through another authorized representative of a group of employees.

■ Additionally, we cannot agree that the trial court did not err by concluding, as a matter of law, that the Board of Education exceeded its authority by agreeing to the challenged provisions included in the series of collective bargaining agreements. Although the Non-union Employees specifically objected to the provision that identifies the Union as the "official representative" of the employees in the Job Family 1A representation unit, this provision does nothing more than recognize the entity as the representative of the bargaining unit that negotiated the terms and conditions of employment for those employees who were included in the bargaining unit. It is not beyond the authority of the Board of Education to enter into an agreement that includes this provision.

The challenged agreements provide that they apply to all employees eligible for representation by the Union regardless of race, color, gender, age, religion, *etc.*, and that the Union is obligated to represent all employees in the "representation unit." Our courts have held directly that once a public employer decides to engage in negotiations with a union, the union becomes the official bargaining representative for all employees of the representation unit— not just those who are members of the union. *See Housing Auth. of Louisville, supra.* It is beyond dispute that the Board of Education has the authority to agree to this provision.

■ The Non-union Employees also objected to a provision that requires former understandings and contrary policies, rules, regulations, and practices of the employer to be superseded by the terms of the parties' most current agreement.

However, there is simply no restriction upon the Board of Education which would prohibit it from adopting new policies, rules, regulations, practices, and understandings to govern relations with its employees.

■ Next, the Non-union Employees cited to the "fair share" fee provision requiring a payroll deduction from every employee in the collective bargaining unit—including those who did not affirmatively authorize representation by the Union. Again, our courts have specifically addressed this arrangement and have approved the practice. *Housing Auth. of Louisville, supra.* The Board did not exceed its authority by agreeing to collect the "fair share" fee from non-union employees.

■ None of the provisions of the collective bargaining agreements between the Union and the Board of Education concerning the employees of the Job Family 1A classification challenged by the Non-union Employees in their complaint is prohibited. Nor did the provisions prevent the Board of Education from negotiating or contracting with an authorized representative of any other group of its employees. The Board of Education recognized and negotiated with the Union as the official bargaining representative of its Job Family 1A employees. Its decision to do so does not compel the conclusion that the Union is the exclusive representative of all its employees. And the trial court did not err in its approval of that decision. The Non-union Employees complain on appeal that the multi-year agreements stifled competition throughout the length of their terms. However, we note that it is the very goal of negotiation and contractual commitment to arrive at a settled expectation for all parties. We are not persuaded that the Board of Education lacks the authority to enter into multi-year agreements with a representative of its employees.

After a close review of the complaint and the authority cited by the circuit court, we conclude that the Non-union Employees would not be entitled to the relief they seek under any set of facts which could be proven in support of their claim. Consequently, we affirm the order of the Jefferson Circuit Court dismissing this complaint.

ALL CONCUR.