RENDERED: NOVEMBER 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0167-MR

JON MAND                                                                 APPELLANT

v.
                    APPEAL FROM RUSSELL CIRCUIT COURT
                    HONORABLE VERNON MINIARD, JR., JUDGE
                    ACTION NO. 21-CI-00223

BARRY BACK AND
CATHERINE BACK                                                          APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, McNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Jon Mand appeals from an order of the Russell Circuit
Court which denied his motion to compel arbitration. Appellant argues that the
contract at issue requires arbitration. We agree; therefore, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On August 23, 2021, Appellant entered into a contract to purchase a
vacant lot from Barry and Catherine Back. The parties utilized a broker and

Appellant deposited a $5,000 earnest money deposit into an account with the brokerage. The contract gave Appellant the option to declare the contract null and void within thirty days of acceptance. Appellant ultimately utilized that provision.

Appellant then sought the return of the $5,000 deposit. Appellees refused to return the money. The parties went to mediation, but that was unsuccessful. Appellees then filed suit for breach of contract. Appellant moved to dismiss and compel arbitration. Appellant argued that the contract required arbitration. The trial court denied the motion to compel arbitration and this appeal followed.

## ANALYSIS

We will first set forth the contract clauses at issue in this case. The second clause of the purchase contract states in relevant part:

> Failure to deliver the earnest money deposit as described herein shall constitute a breach of this contract, in which case Seller may either grant an extension of time, declare the contract null and void, or pursue a claim for damages as a result of the breach. The deposit shall only be removed from the broker's escrow account shown above upon closing, written agreement of all parties, court order, or as provided by law, in accordance with KRS[1] 324.111(6). If either party fails to perform his/her obligation hereunder, the other party may accept the deposit as liquidated damages, with both parties signing a

---

[1] Kentucky Revised Statutes.

release, or subject to paragraph 16,[2] may pursue any available legal or equitable remedy. In the event that any legal action is necessary as a result of the Buyer's or Seller's refusal to release the earnest money deposit, in addition to any other remedies available under this Contract, the prevailing party shall be entitled to recover the earnest money deposit and any and all mediation/arbitration or Court costs and the reasonable attorney's fees required to obtain the return of said deposit.

The fifteenth clause of the contract states in relevant part:

Any dispute or claim . . . of Seller, Buyer, Broker, Agents or any of them for a sum greater than the limits of small claims court jurisdiction[3] arising out of this Contract or breach thereof . . . shall first be submitted to mediation and arbitration[.]

If mediation does not result in an agreement signed by the Parties, all such claims or disputes shall be decided by binding arbitration . . . . Any proceeding to determine damages shall be conducted by an arbitrator pursuant to this paragraph 15 and not in court and shall be conducted in the Commonwealth of Kentucky. In the event a party fails to proceed with arbitration when so required, or unsuccessfully challenges the arbitrator's award, the other party is entitled to recover its costs, including reasonable attorney fees, for having to compel arbitration or defend/enforce the award.

---

[2] Paragraph 16 concerns amendments to the contract and is not relevant to this appeal. Appellant argues that this was a typographical error and it should say "paragraph 15," which concerns arbitration. We need not address whether this was a typographical error as it has no bearing on our judgment.

[3] No claim for over $2,500 can be brought in small claims court. KRS 24A.230.

Appellees believe they are entitled to pursue any legal or equitable remedy pursuant to clause 2. Appellees claim this clause allows them to pursue their cause of action in the circuit court. Appellant, on the other hand, argues that clause 15 requires binding arbitration. The trial court agreed with Appellees.

On appeal, Appellant argues that the contract is clear that arbitration is required in this case. Appellees argue that because the contract is ambiguous, it must be construed in their favor and allow litigation in court.

> Because arbitration is fundamentally a matter of contract an arbitration agreement is treated as all other contracts and if the agreement is valid, it will be enforced[.] Once the party seeking to enforce an agreement meets its burden of establishing with prima facie evidence a valid arbitration agreement exists, the burden shifts to the party seeking to avoid the agreement to rebut the presumption. [A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*LP Louisville East, LLC v. Patton*, No. 2019-SC-0016-DG, 2020 WL 13559023, at *3 (Ky. Aug. 20, 2020), *as modified on denial of reh'g* (Apr. 29, 2021) (internal quotation marks and citations omitted).

> The interpretation of a contract, including determining whether a contract is ambiguous, is a question of law to be determined *de novo* on appellate review.

. . . A basic rule of contract interpretation requires that preference be given to the interpretation which gives a reasonable, lawful, and effective meaning to all the terms over a reading which leaves a part unreasonable, unlawful, or of no effect.

Moreover, in the absence of ambiguity, a written instrument will be enforced strictly according to its terms, and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence. A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations.

When no ambiguity exists in the contract, we look only as far as the four corners of the document to determine the parties' intentions. If the language is ambiguous, the court's primary objective is to effectuate the intentions of the parties. The fact that one party may have intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms.

*Maze v. Board of Directors for Commonwealth Postsecondary Education Prepaid Tuition Tr. Fund*, 559 S.W.3d 354, 363 (Ky. 2018) (internal quotation marks and citations omitted).

As it pertains to this contract and the arbitration clause, we conclude that the trial court erred in not compelling arbitration. Clause 2 states that disputes regarding the deposit shall be pursued via "any available legal or equitable remedy." Clause 15 then states that any dispute or claim arising out of the contract

"shall" go to mediation and arbitration if the amount at issue exceeds the small claims jurisdictional amount.[4]

We do not believe the contract is ambiguous. Looking at the four corners of the contract, and reading clauses 2 and 15 together, it is clear that the only available legal avenue to determine who is entitled to the deposit is to submit the issue to arbitration. "By all rules of construction and interpretation with which we are familiar we are required to give the words of the agreement their ordinary meaning. 'Shall' does not mean 'may' but is mandatory." *Fayette Cnty. Ed. Ass'n v. Hardy*, 626 S.W.2d 217, 220 (Ky. App. 1980). Causes of action arising from the contract with damages exceeding $2,500 shall go to mediation and arbitration according to the clear terms of the contract. The damages being sought here are $5,000; therefore, arbitration is required. Ignoring the arbitration clause would be unreasonable. Our interpretation reconciles both clauses at issue and gives effect to all terms of the contract. *Maze*, *supra*.

## CONCLUSION

Based on the foregoing, we reverse and remand. On remand, the trial court shall compel arbitration.

ALL CONCUR.

---

[4] The damages in this case do exceed this jurisdictional amount.

BRIEFS FOR APPELLANT:

Lee H. Donahue
Louisville, Kentucky

BRIEF FOR APPELLEES:

Donald L. Wilkerson III
Jeffrey H. Hoover
Jamestown, Kentucky